333 So.2d 672 (1976)
Donald E. LESTER, Plaintiff-Appellant,
v.
EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY OF WISCONSIN et al., Defendants-Appellees.
No. 5467.
Court of Appeal of Louisiana, Third Circuit.
May 26, 1976.
Rehearing Denied June 30, 1976.
Writ Refused September 29, 1976.
Gerard F. Thomas, Jr., Natchitoches, for plaintiff-appellant.
Jack O. Brittain, Natchitoches, for defendants-appellees.
Before MILLER, WATSON, and BERTRAND, JJ.
MILLER, Judge.
Plaintiff Donald E. Lester seeks an increase in the $10,000 award for the death *673 of his eighteen month old purebred Arabian horse. We affirm.
Defendant, Employers Mutual Liability Insurance Company of Wisconsin, conceded responsibility for the negligence of its insured, The Valley Electric Membership Co-operative, in leaving a live wire lying on the ground in plaintiff's pasture.
DEL Sangre, the dead horse, was killed when he touched the live wire. He was bred at plaintiff's stables, sired by Skorife out of DEL Koraff. Plaintiff was keeping him for show and further breeding.
Plaintiff sold DEL Raffia, the only full brother to DEL Sangre, when he was weaned. Plaintiff's expert witness Dr. Huckabay bought DEL Raffia and testified he paid $1,000 for the foal. Plaintiff testified he received $2,500, but was not sure.
Plaintiff never showed or insured DEL Sangre. Each of plaintiff's two experts saw DEL Sangre on two or three occasions and both were impressed with his potential. DEL Sangre was grey which led them to expect him to turn white at maturity, a most desirable color for Arabian horses. They thought DEL Sangre had the more desirable conformations of several champions in his pedigree.
Plaintiff himself is an expert judge of Arabian horses. His qualifications as an expert were the most impressive. He had judged many Arabian horse shows in several states and was about to receive the coveted "Big R" rating as a judge. Plaintiff's other experts worked closely with him insofar as they were interested in Arabian horses.
Plaintiff owned the only full sister to the dead horse and was keeping the mare for future breeding. Both plaintiff and Dr. Huckabay admitted a high appraisal of DEL Sangre might increase the value of their ArabiansDEL Sangre's only full brother and sister.
A sizeable portion of the $25,000 appraisal of DEL Sangre by plaintiff's two experts was based on a belief that substantial stud fees would be earned over an extended period of time. While they were firm in their $25,000 appraisal for the eighteen month old horse, they admitted other appraisers might reach a substantially lesser figure. To their knowledge no eighteen month old unproved Arabian horse had commanded a price of more than $2,500.
Although plaintiff testified $35,000 was a fair appraisal of DEL Sangre when he was killed, he admitted he might have mentioned $25,000 when he was evaluating the extent of his loss. The Electric Company's manager testified that when plaintiff telephoned to report the accident only minutes after the accident, he stated the company had killed a $10,000 horse. Plaintiff did not recall setting that figure, but testified he was upset at the time. Plaintiff did not deny he might have made that statement.
Plaintiff submits, as a matter of law, the trial court erred in refusing to accept the only expert testimony. Since defendants did not produce expert testimony, plaintiff contends the expert testimony by his witnesses stands unrebutted. Defendants point to the fact that there is nothing to indicate DEL Sangre was seen by an expert other than plaintiff and his two friends. Since DEL Sangre had not been shown to other experts, and no photographs are in evidence, opinions of other experts may not have been helpful. Plaintiff and his two qualified experts opined that DEL Sangre's minimum value was $25,000 when he was electrocuted.
Plaintiff relies on several cases to support his contention that courts should not reject expert evidence and testimony from appraisers who are knowledgeable in the field under consideration, primarily Olds v. Ashley, 250 La. 935, 200 So.2d 1 (1967). Under Olds, uncontradicted testimony regarding underlying facts, not impugned *674 by lack of credibility, may not be lightly disregarded.
However, expert opinion as to ultimate facts, even uncontradicted, is not binding on the court. Expert "opinions as to value are not binding on the trier of fact." State, Department of Highways v. McPherson, 261 La. 116, 259 So.2d 33, 39 (1972). We find a distinction between underlying facts and the ultimate facts at issue in a trial. The former are the basis upon which the trier of fact finds the latter.
The underlying facts in this case are the traits of DEL Sanger which contribute to his economic value. His bloodline, his color, his configuration, are traits which contribute to his ultimate value. The trial court expressly considered these facts in arriving at a decision.
The final dollar value is the ultimate fact at issue. Here the trial court is not bound by the conclusion of the experts, but may consider, as in fact it did consider, the opinions together with other relevant evidence.
In determining the ultimate fact the dollar value of DEL Sangre, the trial court was impressed with plaintiff's original report that the Electric Company had killed his $10,000 horse. He was also impressed by the price Dr. Huckabay paid for DEL Raffia, and mentioned that the dead horse was unproved. He may have been impressed that it was not established that any Arabian horse of eighteen months had brought more than $2,500, and that DEL Sangre had never been shown or insured. Some expert testimony indicated insurance is usually obtained on all horses with real potential.
Plaintiff has failed to establish that the award disregarded the underlying facts developed by the expert testimony. The award is supported by a detailed assessment of the elements of value taken chiefly from plaintiff's own testimony.
Plaintiff appellant has not established manifest error in the trial court's factual determination and/or an abuse of the "much discretion" granted to trial courts by LSA-C.C. art. 1934(3). Our appellate review of quantum is limited to these two issues. Anderson v. Welding Testing Laboratory Inc., 304 So.2d 351 (La.1974); Ogaard v. Wiley, 325 So.2d 642, 651 (La.App. 3 Cir. 1975).
The trial court judgment is affirmed at appellant's costs.
AFFIRMED.