386 So.2d 993 (1980)
Mrs. Effie Lee JOHNSON, Plaintiff-Appellant,
v.
COCA COLA BOTTLING COMPANY, INC., Defendant-Appellee.
No. 7650.
Court of Appeal of Louisiana, Third Circuit.
May 21, 1980.
Watson, Murchison, Crews & Arthur, William P. Crews, Jr., Natchitoches, for plaintiff-appellant.
Gahagan & Gahagan, Russell E. Gahagan, Natchitoches, for defendant-appellee.
*994 Before DOMENGEAUX, GUIDRY and LABORDE, JJ.
LABORDE, Judge.
The plaintiff-appellant, Mrs. Effie Lee Johnson, brought this suit against the defendant-appellee, Coca-Cola Bottling Company, Inc., for damages and attorney's fees caused by a bursting bottle of coca-cola. Plaintiff brings this appeal seeking attorney's fees and an increase in the amount of damages awarded by the trial court. We affirm.
The facts reveal that on September 4, 1978, the plaintiff was grocery shopping in the A&P Grocery Store in Natchitoches, Louisiana. During the check-out process she placed three 32 oz. bottles of Coca Cola on the counter. One of the bottles burst shortly after being placed on the counter.
Originally plaintiff sued in tort and claimed damages as a result of the bottle bursting and injuring her left eye. She later amended her petition in order to sue in redhibition and asked that she be given judgment for the purchase price of the bottle of Coca-Cola, 57 cents, and for her attorney's fees.
In his written reasons, the trial judge stated:
"Plaintiff's suit is for personal damages and by amended petition she seeks to set aside the sale of the Coca Cola and asked for 57 cents damages, plus attorney fees. The plaintiff's case falls far short of any proof that the Coca Cola bottle and its contents had been paid for. Therefore, she is not entitled to have the sale set aside and the defendant to pay attorney fees.
"It is abundantly clear that the tort for the explosion of the bottle was proved and that the defendant is liable for this.
"The medical evidence shows that there was no doubt that the plaintiff was injured but falls short of proving grave injuries as suggested by the plaintiff.
"The Court awards the plaintiff the sum of $3,000.00 plus the following special damages:

Medical bill of Dr. Wheat........ $650.00
Bill of Dr. Hall................. 80.00

"Plaintiff also claims travel expenses total $171.38, being $125.00 for 25 trips in the City of Natchitoches at $5.00 each and 2 round trips to Shreveport of 144 miles each. The testimony of the plaintiff was that in most cases she would get a friend to take her to see Dr. Wheat and her proof is not sufficient to justify travel expenses to the local doctor. Plaintiff's Exhibit, P-6, claims 2 trips to Shreveport, but Dr. Hall's report, P-3, claims only 1 trip, that of January 29, 1979. Plaintiff is entitled to travel expenses of $23.19."
The plaintiff argues on appeal that the trial judge erred in his factual determination that the bottle of Coca-Cola had not been paid for at the time of its bursting. Whether or not the bottle had been sold at the time of the bursting is of great importance. If the bottle had been sold, the plaintiff's remedy in redhibition would be recognized with a right to recovery of attorney's fees. If the sale had not yet taken place, the cause of action would be based on a tort theory which does not grant the recovery of attorney's fees.
The standard of review in a factual dispute such as the one before us is explained in Canter v. Koehring, 283 So.2d 716 (La.1973):
"When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court's finding, on review the appellate court should not disturb this factual finding in the absence of manifest error. Stated another way, the reviewing court must give great weight to factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. The reason for this well-settled principle of review is based not only upon the trial court's better capacity *995 to evaluate live witnesses (as compared with the appellate court's access only to a cold record), but also upon the proper allocation of trial and appellate functions between the respective courts."
In Arceneaux v. Dominigue, 365 So.2d 1330 (La.1978), the Supreme Court defined manifestly erroneous as meaning clearly wrong.
Our review of the record does not reveal that the trial judge's determination, that the bottle had not been sold, was manifestly erroneous.
The plaintiff also argues that the trial judge was too conservative in his estimate of the general damages. An increase to $7,500.00 is sought.
Dr. R.R. Sills examined the plaintiff at the Natchitoches Parish Hospital shortly after the incident took place. His examination revealed a medical corneal abrasion of the lower ¼ of the left eye. Dr. Sills supplied the patient with an eye patch and recommended that she see Dr. R. D. Wheat the next day.
Dr. Wheat's report indicates that the corneal abrasion healed in about a week. He stated that by November 15, 1978, her symptoms had subsided and she had 20/20 vision in both eyes. As the plaintiff continued to complain, Dr. Wheat referred her to another eye specialist, Dr. Ronald L. Hall of Shreveport. Dr. Hall's report stated that the plaintiff had normal, healthy eyes.
Regarding this issue, we observe Civil Code Article 1934 which provides that, in the assessment of general damages, "much discretion must be left to the judge or jury...."
In Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1977), the Supreme Court stated:
"We do reemphasize, however, that before a Court of Appeal can disturb an award made by a trial court that the record must clearly reveal that the trier of fact abused its discretion in making its award."
This standard of review was also discussed in Reck v. Stevens, 373 So.2d 498 (La.1979), where the Supreme Court stated:
"Thus, the initial inquiry must always be directed at whether the trier court's award for the particular injuries and their effects upon this particular injured person is, a clear abuse of the trier of fact's `much discretion', La.Civ.C. art. 1934(3) in the award of damages. It is only after articulated analysis of the facts discloses an abuse of discretion, that the award may on appellate review, for articulated reason, be considered either excessive, Carollo v. Wilson, 353 So.2d 249 (La.1977), Schexnayder v. Carpenter, 346 So.2d 196 (La.1977), or insufficient, Olds v. Ashley, 250 La. 935, 200 So.2d 1 (1967). Only after such determination of abuse has been reached, is a resort to prior awards appropriate under Coco for purposes of then determining what would be an appropriate award for the present case."
We do not believe that the trial judge's award of $3,000.00 constitutes an abuse of his discretion.
For the above and foregoing reasons, the judgment of the trial judge is affirmed. All costs of this appeal are taxed to the plaintiff-appellant.
AFFIRMED.
GUIDRY, J., concurs in the result.