392 So.2d 750 (1980)
Laura BOUSTANY, Plaintiff-Appellee,
v.
FLUID DYNAMICS, INC. et al., Defendants-Appellants.
No. 7942.
Court of Appeal of Louisiana, Third Circuit.
December 17, 1980.
Domengeaux & Wright, Bennett Boyd Anderson, Lafayette, for defendants-appellants.
Alfred F. Boustany, II, Lafayette, for plaintiff-appellee.
Before FORET, CUTRER and LABORDE, JJ.
LABORDE, Judge.
This case arises out of a two car collision. The driver of one car, Laura Boustany, sued to recover the value of property damages sustained to her car. Defendants were Randy S. Duraldriver of the other car, and Fluid Dynamics, Inc.Dural's employer and owner of the car Dural was driving. The trial court held in favor of the plaintiff and against the defendants. From this decision, the defendants have perfected this appeal. We affirm. We find no manifest error in the factual determinations of the trial judge, nor do we find an abuse of discretion by the trial judge in the damages awarded.
On October 8, 1979, the defendant, Randy Dural, was driving his employer's car eastward *751 on Johnston Street, a four-lane thoroughfare in Lafayette. As Dural was in the process of making a left turn, he collided with the plaintiff's automobile. Plaintiff had just turned from a parking lot onto the westbound lane of Johnston Street.
The trial court held the collision was due to Dural's negligence and awarded the plaintiff $1,052.15 for repairs to her automobile, $300.00 for rental of a replacement automobile and $250.00 for depreciation of her automobile as a result of the collision.
The defendants contend the trial court erred in not holding the plaintiff contributorily negligent. It is clear from the record that the trial court considered this issue and concluded that the plaintiff was free of negligence. The only witnesses to the collision were the plaintiff, Ms. Boustany, and the defendant, Dural. It is the task of the trial judge to determine the credibility of the witnesses and this determination will not be disturbed absent manifest error. Canter v. Koehring Company, 283 So.2d 716 (La.1973). Our review of the entire record indicates that the decision of the trial court is not clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
In answer to this appeal, the plaintiff seeks to have the $250.00 award for depreciation increased to $500.00. Before a Court of Appeal can disturb an award made by a trial court, the record must clearly reveal that the trier of fact abused its "much discretion" in making the award. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976); Reck v. Stevens, 373 So.2d 498 (La.1979).
The plaintiff contends the trial court was bound to accept uncontradicted expert testimony that the amount of depreciation of the plaintiff's automobile was $500.00. This court held in Lester v. Employers Mutual Liability Ins. Co. of Wis., 333 So.2d 672 (La.App. 3rd Cir. 1976) writ denied, 337 So.2d 875 (La.1976), that "expert opinion as to ultimate facts, even uncontradicted, is not binding on the court. Expert `opinions as to value are not binding on the trier of fact'". The trier of fact must evaluate the credibility of opinion evidence as it would other testimony. In State, Department of Highways v. McPherson, 261 La. 116, 259 So.2d 33 (1972), the court explained the factors used in determining the weight to be given opinion testimony:
"... the effect to be given to opinion testimony is governed by the weight the trier of fact accords to that testimony. The weight testimony is entitled to receive is determined by the professional qualifications and experience of the expert, the facts and studies upon which his opinion is based.... In all cases the possible bias of the witness in favor of the side for whom he testifies and the witness' character and credibility bear upon the weight of the testimony."
In the instant case, the record reveals the plaintiff's "expert", Omar Arafat, was never formally qualified as such. He had been a mechanic and a used car salesman for only five years. He was a personal friend of the plaintiff. From these facts, the trial court reasonably concluded the opinion of Arafat as to the amount of depreciation was inflated. We cannot say the trial court abused its discretion by not accepting Arafat's opinion as to the amount of depreciation.
In its answer to this appeal the plaintiff-appellee has also asked for damages and attorney's fees from the defendants-appellants for a frivolous appeal under Article 2164 of the Louisiana Code of Civil Procedure. In Louisiana, appeals are favored and imposition of these penalties will not be granted unless clearly due. Hebert v. Knoll, 370 So.2d 151 (La.App. 3rd Cir. 1979); Franklin v. Franklin, 338 So.2d 1199 (La.App. 3rd Cir. 1976). In the case before us, the appellants' view of the law is not unreasonable. Thus, damages and attorney's fees for frivolous appeal are denied.
For the above and foregoing reasons, the decision of the trial court in favor of the plaintiff, Laura Boustany, is affirmed. All costs of this appeal are taxed to the defendants-appellants.
AFFIRMED.