DOUCET, Judge.
This action arises out of a chain collision accident involving five vehicles which occurred on August 8, 1978 on Highway 171 in DeRidder, Beauregard Parish, Louisiana. After trial by jury, judgment was entered for plaintiff in the sum of $15,000 as against defendants Prentice Miller and Commercial Union, owner and insurer respectively of the last vehicle in the chain. Plaintiff’s claim against the owner and insurer of the second to last vehicle, driven by Ronald Thibodeaux, was dismissed. Plaintiff assigns as error that: 1) the jury was clearly wrong in finding that Ronald Thibo-deaux was not negligent, and 2) the jury’s award of damages was an abuse of its discretion.[1] We affirm.
Involved in the accident were two pickup trucks followed by three 18-wheeler tractors and trailers loaded with wood chips. First in the sequence of westbound vehicles was a pickup truck owned and driven by Wilmer Johnson (hereinafter referred to as the “Johnson pickup”), followed by a pickup truck owned by Boyd Hightower and being driven by Wytonia E. Valorie (hereinafter referred to as the “Valorie pickup”). Immediately behind the aforesaid pickups was a tractor-trailer driven by plaintiff, Ken *614 neth Hickman (hereinafter referred to as “Hickman truck”), which was owned by his employer L. A. Rathel. Next in line was a tractor-trailer driven by Ronald Thibodeaux (hereinafter referred to as the “Thibodeaux truck”), owned by his employer, Blackman Trucking Company, and insured by Gulf Insurance Company. The last vehicle involved was a tractor-trailer being driven by Ellis R. Keene (hereinafter referred to as the “Keene truck”), owned by Keene’s employer, Prentice Miller, and insured by Commercial Union Insurance Company.
Just prior to the accident, the Johnson pickup had stopped to make a left turn, and the Valorie pickup and Hickman truck respectively came to a stop while awaiting Johnson’s execution of the turn. The next occurrence is disputed. Although there is no question but that the Keene truck did run into the rear of the Thibodeaux truck, there is controversy as to whether the Thi-bodeaux truck hit the Hickman truck before it was in turn struck by the Keene truck.
Plaintiff instituted suit against the drivers, owners, and insurers of both the Thibo-deaux and Keene trucks, and was granted a jury trial. After trial by jury, the following verdict was returned:
“SPECIAL VERDICT OF JURY
1. Was Ronald Thibodeaux negligent, and if so, was his negligence a proximate cause of the accident and injuries?
Answer No
2. Was Ellis R. Keene negligent and, if so, was his negligence a proximate cause of the accident and injuries?
Answer Yes
3. Was there a brake failure on the vehicle driven by Ellis R. Keene and, if so, was such failure a proximate cause of the accident and injuries?
Answer Yes
If any of the above questions have been answered “Yes”, then you must answer the following question.
4.What was the amount of damages sustained by Kenneth Hickman?
Answer $15.000.00
S/ C. R. Banks, Foreman”
Thereafter, appeals were taken devolu-tively by Kenneth Hickman, plaintiff, and Georgia Casualty[2], intervenor, and suspen-sively by defendants Prentice Miller and Commercial Union.
The record reveals ample evidence from which the jury could conclude that Keene alone proximately caused the plaintiff’s injuries. Although Hickman, Valorie, and both of their guest passengers testified there were two impacts, the jury may have chosen to accept the investigating officer’s explanation as to how there could be two impacts without Thibodeaux striking Hickman before being struck himself. Assuming all of the drivers’ attentions were focused forward, the last two drivers would be in a superior position to observe whether Thibodeaux struck Hickman before himself being struck, and both Thibodeaux and Keene testified to the effect that Thibo-deaux had come to a stop before the Keene impact. Furthermore, there were sixteen feet of skid marks attributable to the Keene truck — -a fact substantiated by Mrs. Valorie’s testimony that she heard tires squealing prior to any impact.
Alternatively, the jury may have concluded that if Thibodeaux indeed had struck Hickman before the Keene impact, that such was not the proximate cause of Hickman’s injuries. The record reveals that the damage to the Thibodeaux truck was minor and the plaintiff himself testified that the second impact was the one that hurt him.
Both defense theories available to the jury to exonerate Thibodeaux from liability are supported by a reasonable factual basis, and as such, will not be disturbed by this court in review. We will not disturb reasonable evaluations of credibility and inferences of fact simply because another re- *615 suit might be just as reasonable. Aleman v. Lionel F. Favret Co., Inc., 349 So.2d 262 (La.1977); Gradney v. Vancouver Plywood Co., Inc., 299 So.2d 347 (La.1974); Canter v. Koehring, 283 So.2d 716 (La.1973); Boustany v. Fluid Dynamics, Inc., 392 So.2d 750 (La.App.3rd Cir. 1980); Johnson v. Coca Cola Bottling Co., Inc., 386 So.2d 993 (La.App.3rd Cir. 1980).
On the issue of quantum, the plaintiff’s contention that the jury abused its discretion in awarding only $15,000 is also without merit. We observe that Civil Code Art. 1934 provides, in the assessment of damages, “. . . much discretion must be left to the judge or jury...” The record must clearly reveal that the trier of fact abused its discretion in making its award before this court will disturb that finding. Coco v. Winston, Inc., 341 So.2d 332 (La.1977); Reck v. Stevens, 373 So.2d 498 (La.1979); Boustany v. Fluid Dynamics, supra; Commercial Credit Corp. v. Nolan, 385 So.2d 1246 (La.App.3rd Cir. 1980); Mid-State Homes, Inc. v. Lartigue, 383 So.2d 99 (La.App.3rd Cir. 1980). Although the award may appear low, the jury was entitled to accept the testimony of those physicians who felt the plaintiff’s complaints were not justified for the duration alleged by the plaintiff. Furthermore, plaintiff received more income in workmen’s compensation benefits than he had in years prior, according to his tax returns. The record indicates that in 1976 and 1977 plaintiff did not earn enough to file tax returns, and in 1975 he earned only $1,011.90.
For the above and foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are taxed to the plaintiff.
AFFIRMED.

. Originally included in plaintiff’s specification of errors was that the trial court erred in failing to grant plaintiffs attorney a first lien and privilege on the judgment obtained for his attorney’s fees in preference to the intervention claimant. At the trial level, Georgia Casualty & Surety Company filed an intervention alleging it was the workmen’s compensation insurance carrier of plaintiff’s employer, and it was stipulated that benefits had been paid in the sum of $16,009.27. After overruling a motion by counsel for plaintiff to tax his attorney’s fees in preference to the stipulated intervention, the trial judge apportioned the judgment of $15,000 so as to reimburse Georgia Casualty. Subsequent to the filing of appeals, a settlement was reached between plaintiff and inter-venor rendering the third assignment of error moot, and thus it will not be considered herein.

. The appeal of Georgia Casualty was dismissed at its cost after the settlement in footnote one (1) was reached.