DOUCET, Judge.
This is a suit by Ellis Joseph against Charles Molbert and his insurer, Fireman’s Fund Insurance Company, seeking damages for injuries sustained in an automobile-bicycle collision. Joseph has perfected this appeal from a decision of the Lake Charles City Court dismissing his demands. We affirm.
The sole issue on appeal is whether or not the trial court erred in holding that the plaintiff had not proved by a preponderance of the evidence any negligence on the part of the defendant.
On June 14, 1980, at approximately 1:35 A.M., Charles Molbert was driving his 1977 Cadillac westerly on Legion Street, a four-lane divided thoroughfare in Lake Charles, Louisiana. Near the intersection of Legion Street and McNabbe Street, Molbert noticed two bicycles also traveling westerly on Legion Street. The bicycles were being ridden by the plaintiff, Joseph, and his friend Joseph Jackson. As Molbert attempted to pass the cyclists, Molbert’s vehicle collided with Joseph’s bicycle causing Joseph personal injuries and destroying the bicycle. Molbert testified that as he was trying to pass Joseph on the right, Joseph turned right, directly into Molbert’s path. Jackson testified that Joseph was proceeding directly ahead when Molbert collided with Joseph from the rear. Joseph could not recall what happened. There were no other eyewitnesses. The two police officers who investigated the accident noted that there were no skid marks and that the plaintiff had alcohol on his breath. The plaintiff was taken to St. Patrick’s Hospital where he was examined and released.
The plaintiff argues that the trial court held in favor of the defendant solely because three witnesses testified for the defendant and only one witness testified for the plaintiff. We disagree. Although the trial court noted that the defendant’s wit *258 nesses outnumbered the plaintiff’s witnesses, the court stated the plaintiff’s only witness had his head turned prior to the collision and therefore did not know what the plaintiff did immediately prior to the collision. The court also stated, “I feel that the Plaintiff has failed to prove by a preponderance of the evidence, the negligence of the defendant”.
As in any case, the testimony herein is in conflict. The trial court is in the best position to evaluate the testimony of the witnesses before it. Canter v. Koehring Company, 283 So.2d 716 (La.1973). We will not disturb the factual findings of the trial court where there is a conflict in the testimony unless a review of the entire record reveals that the decision of the trial court is manifestly erroneous or clearly wrong. Canter v. Koehring Company, 283 So.2d 716 (La.1973) supra; Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Boustany v. Fluid Dynamics, Inc., 392 So.2d 750 (La.App.3rd Cir. 1980). Our review of the entire record reveals that the trial court is not clearly wrong.
For the above and foregoing reasons, the judgment of the trial court dismissing the plaintiff’s suit is affirmed. All costs are assessed to the plaintiff-appellant, Ellis Joseph.
AFFIRMED.