DOUCET, Judge.
This case was consolidated with the companion case of Devillier v. Devillier, La. App., 417 So.2d 1337, both at the trial and appellate levels. However, inasmuch as the only connexity between the cases is the similarity of the parties, we render separate opinions.
This suit pertains to respective usufructu-ary rights and obligations arising from the parties’ usufruct in indivisión of a farm located in Avoyelles Parish. The parties were formerly husband and wife. Since separation discord has been rampant, litigation frequent, and numerous allegations and counter-allegations have transpired between the parties. Their disputes appear un-ending. The facts of the present dispute are as follows:
The parties acquired the joint usufruct of the 326 acre farm in 1977 and 1978, pursuant to certain “Acts of Establishment”. In addition the parties have Vs naked ownership in indivisión. After the initial acquisition Marie Devillier, defendant-appellee herein, filed suit against her husband, Joseph Devillier, seeking separation from bed and board, and was eventually awarded custody of the minor children, child support, and alimony. Thereafter when Mr. Devillier became delinquent in the said obligations, and was threatened with suit by his former mate, a Temporary Release of Usu-fruct and Compromise of Claim was executed in satisfaction of his delinquency whereby plaintiff released his rights for six months to a one acre tract upon which the family home was situated. In addition thereto Mr. Devillier sold all rights, titles and interests in all household furnishings contained in said home. In return Mrs. Devillier also gave up all interest in certain items of movable property. Both parties agreed to “release and relinquish their respective rights to claim reimbursement between themselves for either rents which may have been collected heretofore on community properties or judgments collected heretofore on community debts. This relinquishment shall have no effect upon future rents or future collections on community debts.”
Thereafter Mr. Devillier was awarded a judgment of divorce on August 7, 1979.
On November 13, 1980, Mrs. Devillier filed two suits against Mr. Devillier and, again, settlement was effectuated and the claims dismissed, but not without another *1336 return to court necessitated by Mrs. Devillier’s suit for specific performance of said settlement prior to expiration of the 30 day delay allowed for performance. Under said agreement, Mr. Devillier sold to Mrs. Devil-lier all of his interest in the usufruct over the 326 acre farm, reserving the residuary usufruct for himself in the event the latter should predecease him. In exchange Mrs. Devillier paid $25,000 and dismissed legal proceedings and further agreed to release and forever discharge Mr. Devillier “for any loss or damage of any kind, including particularly any claims for accounting for rentals, crops, or any other actions arising out of vendor’s enjoyment of the usufruct conveyed herein”.
Mr. Devillier filed suit for reimbursement for expenditures relative to the 326 acre tract on July 7, 1981. In addition thereto, Mr. Devillier sought recovery for $4,000 worth of property withheld which had been listed in the partition. He further sought an injunction enjoining Mrs. Devillier from harming any property subject to the usu-fruct, and an order permitting him to inspect the property subject to the usufruct. Mrs. Devillier answered denying plaintiff’s authority to administer the usufruct and respondent’s liability thereto; reconvened seeking contribution for usufruct expenses, and sought an injunction to prohibit her former husband from entering onto the farm.
Also, on July 7,1981, Mr. Devillier filed a rule to reduce child support. On July 29 Mrs. Devillier filed seeking an increase in child support.
Before long the parties were back in court as the result of a rule for past due child support, contempt, and attorney’s fees, filed by Mrs. Devillier on November 23, 1981, pertaining to a $100.00 dental bill. See the companion case # 82-100.
Subsequently judgment was rendered in the usufructuary reimbursement and movable property dispute. Said judgment also enjoined Mr. Devillier, as reversionary usu-fructuary and owner in indivisión with defendant of Vs interest in naked ownership, from entering upon the 326 acre farm, due to threats made against Mrs. Devillier, subject to his right to inspect the' property twice annually. Each party was awarded part of the relief prayed for and denied certain demands. From that judgment plaintiff has appealed. Mrs. Devillier has answered the appeal.
Plaintiff-appellant assigns the following specifications of error:
1. The trial court erred in failing to grant Mr. Devillier reimbursement for certain expenditures made by him in satisfaction of the joint obligations imposed upon him and Mrs. Devillier.
2. The court failed to order Mrs. Devillier to return the items in her possession to Mr. Devillier or to award a money judgment for same.
3. The court erred in failing to consider Mr. Devillier’s defense of release and compromise.
4. The court erred in granting Mrs. Devil-lier a permanent injunction prohibiting Mr. Devillier from entering upon the land subject to the usufruct.
Defendant-appellee, in answer, asserts these errors:
1. The trial court erred in finding Mrs. Devillier indebted unto Mr. Devillier in the sum of Three Thousand Nine Hundred Fifty Two and 18/100 ($3,952.18) Dollars.
2. The trial court erred by finding Mr. Devillier indebted unto Mrs. Devillier in the sum of Three Thousand Two Hundred Twenty-one and 05/100 ($3,221.05) Dollars and limiting set-off for Mrs. Devillier in that amount.
3. The trial court erred by failing to order Mr. Devillier to return the items taken by him from the property subject to the usufruct.
4. The trial court erred by granting Mr. Devillier a right of inspection to the property subject to the usufruct.
We have carefully reviewed each and every assignment of error and find that none merit reversal. Each claim essentially turns upon certain factual findings and assessment of the witnesses’ credibility. In this regard, we note:
*1337 “When there is evidence before the trier of facts which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court’s finding, on review the appellate court should not disturb this factual finding in the absence of manifest error. Stated another way, the reviewing court must give great weight to factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. The reason for this well-settled principle of review is based not only upon the trial court’s better capacity to evaluate live witnesses (as compared with the appellate court’s access only to a cold record), but also upon the proper allocation of trial and appellate functions between the respective courts.” Canter v. Koehring, 283 So.2d 716 (La. 1973).
Accord: Boustany v. Fluid Dynamics, Inc., 392 So.2d 750 (La.App. 3rd Cir. 1980); Johnson v. Coca Cola Bottling Co., Inc., 386 So.2d 993 (La.App. 3rd Cir. 1980).
The trial judge heard conflicting factual accounts as to whether certain expenses or items were intended to fall within the ambit of the parties’ agreements. He heard evidence and evaluated the credibility of witnesses concerning whether a litigant had certain property (e.g., a used weedeater, black pot, a radio, etc.) in their possession, and if so, whether he/she misappropriated property of the other. The trial judge further heard evidence in respect to whether irreparable harm was shown to support the injunction preventing the naked owner from interfering with the usufructuary’s enjoyment. Recitation of each claim and the facts relative thereto would in no way aid in proper development of the law; therefore same is omitted. A reasonable factual basis exists for each of the trial judge’s determinations. We find no manifest error.
Should plaintiff still consider defendant’s actions to be an abuse of usufructuary enjoyment, and feel aggrieved by judgment, his proper remedy is to seek judicial termination of the usufruct, or security, pursuant to La.Civ.Code Art. 623.
For the reasons stated hereinabove, the judgment of the trial court is affirmed. Costs to be divided equally between the parties.
AFFIRMED.