DOUCET, Judge.
Plaintiff, Mrs. Devillier, filed a rule on November 23, 1981 in trial court to make past due child support executory wherein she averred that she was awarded custody of the two minor Devillier children, subject to visitation rights of defendant, by judgment dated August 7, 1981 which obliged defendant to pay support in the amount of $200.00 per month per child plus all medical, dental, and pharmaceutical expenses incurred by the children.
The basis for the rule was defendant’s failure to pay $100.00 in orthodontic expenses incurred by the parties’ child, Paul. Defendant filed an Answer and Counter Rule claiming the work was cosmetic and testified at hearing that Mrs. Devillier had refused him the opportunity to take Paul to a dentist to secure a second opinion. The trial judge, relying on the testimony of dentist Ralph Jackson, felt otherwise and rendered judgment in favor of plaintiff. An executory judgment was rendered in favor of plaintiff in the sum of $100.00 with 10% interest from date of judicial demand until paid. Defendant was held in contempt of court and was fined $100.00. Additionally judgment was rendered in favor of plaintiff and against defendant in the sum of $200.00 attorney’s fees, and casting defendant with court costs, including the expert witness fees of Dr. Jackson.
The father has appealed alleging the trial court erred in finding that he was in arrears on his child support in the sum of $100.00. In support thereof Mr. Devillier argued that the children of a marriage are entitled to the same standard of living following termination of a marriage as during its existence and that inasmuch as the child involved did not require orthodontic care prior hereto, nor did six of the parties’ other seven children, the support requested must be considered cosmetic and not necessary.
The assignment of error lacks merit. There is ample evidence in the record to conclude the dental care was necessary. Although litigation such as the present might be avoided by rendering parents mutually responsible for medical and dental care, the wisdom of casting only one parent liable is not before us. The trial judge’s factual determination, that the orthodontic expense was necessary, is not manifestly erroneous and is hereby affirmed.
AFFIRMED.