DOMENGEAUX, Judge.
Plaintiff, International Indemnity Company, filed this subrogation suit against defendant, Wilfred Brud Soileau. It had paid to its insured, Preston Higginbotham, the sum of $1,425.00 for property damages sustained to the latter’s vehicle when it was involved in a collision with a horse on a State Highway in Evangeline Parish on December 13, 1978, at 1:30 o’clock A.M.
Plaintiff alleged that Mr. Soileau owned the horse, or in the alternative, that he had the care, custody and control of the horse, and consequently was responsible to the insurer for its payout to Higginbotham.
The trial court ruled for defendant and plaintiff appeals. We affirm.
The driver was the insured’s son, Sherman Noel Higginbotham. He testified that as he was coming out of a curve he saw four horses in the road. He managed to dodge the first two horses, but hit the third horse. At the time of the accident, he did not know who owned the horse. He stated that the horse he hit was a “reddish color, but mostly black”.
State Trooper J.C. Bertrand investigated the accident. He testified that according to his report, the driver told him there were three horses. After the accident, he made no attempt to have the horse identified by its owner. Mr. Bertrand testified that the dead horse was a bay horse, the same horse he had seen on previous occasions on land he assumed to be the defendant’s residence. It had no tatoos or brands. The trooper did state at trial that he was not testifying that the dead horse was the defendant’s horse.
The defendant, Mr. Soileau, testified that at the time of the accident, he owned two horses, a paint filly and a black mare. Both horses had been missing for a couple of days before the accident and neither of them were ever found. Soileau admitted his two horses had gotten loose on a previous occasion and that he had to retrieve them from the stock commission. He kept his two horses in his pasture, located on the south side of his house.
The dead horse was removed from the scene and burned by the Louisiana Department of Highways before it was further viewed by anyone.
The trial court ruled in favor of the defendant. It reasoned that the plaintiff had *1241 failed to prove by a preponderance of the evidence that the horse involved in the accident was in fact Mr. Soileau’s horse, or in the alternative, in his care, custody, and control.
The issue on appeal is whether the trial court erred in concluding that plaintiff failed in its burden of proving ownership or custody of the dead horse by defendant.
This court in Hickman v. Miller, 405 So.2d 612 (La.App. 3rd Cir.1981) reiterated the rule that it will not disturb on appeal the reasonable evaluations of credibility and inferences of fact simply because another result might be just as reasonable. We may not have decided this case in favor or defendant had we been the trier of fact, however, on the other hand we cannot say that the trial court’s ruling is clearly wrong. A review of the record does reveal some discrepancies and doubt concerning a link between the defendant and the horse involved in the accident. There was no positive identification made of the dead horse, only assumption and speculation. We cannot say that the record does not support the trial court’s conclusion, and we therefore affirm.
All costs of this appeal are assessed against the plaintiff-appellant.
AFFIRMED.