428 So.2d 1165 (1983)
Cheryl A. BUTTS, Individually and on Behalf of the Minor, Michael Lynn WALKER
v.
Captain Harold J. BUTTS.
No. 82-CA-141.
Court of Appeal of Louisiana, Fifth Circuit.
March 8, 1983.
Trudy H. Oppenheim, New Orleans, for defendant-appellant.
Roger I. Dallam, Greenberg & Dallam, Gretna, for plaintiff-appellee.
*1166 Phillip A. Gattuso, Gretna, for third-party defendant-appellee.
Before KLIEBERT, GAUDIN and GRISBAUM, JJ.
GAUDIN, Judge.
Following a judgment of the 24th Judicial District Court ordering Captain Harold J. Butts to pay alimentary support to Cheryl A. Butts and to maintain her on his medical insurance policy, both parties appealed to this Court. Captain Butts asks for a nullification of the judgment while Miss Butts seeks an award for having to respond to a frivolous appeal.
After a full review of the record, we affirm the district court decree and we do not award damages for a frivolous appeal.
Miss Butts was adopted by Captain Butts shortly after he married Miss Butts' mother, Geraldine, in 1950. Captain Butts and Geraldine are now divorced.
The record shows that Miss Butts has suffered from Pott's disease[1] since she was 18 months of age and is a paraplegic. Despite several operations, she can walk only very short distances with the aid of crutches or a brace and is otherwise confined to a wheelchair. She has a cataract and cannot see out of her left eye and she is being treated by an orthopedist for tendonitis of the knee, elbow and fingers. Miss Butts is approximately 30 years of age and has not worked since 1972.
She asked for support in accord with the following articles of the Civil Code:
LSA-C.C. art. 227 provides:
"Fathers and mothers, by the very act of marrying, contract together the obligation of supporting, maintaining and educating their children."
Article 229 provides pertinently:
"... relatives in the direct ascending line are likewise bound to maintain their needy descendants, this obligation being reciprocal. This reciprocal obligation is limited to life's basic necessities of food, clothing, shelter and health care, and arises only upon proof of inability to obtain these necessities by other means or from other sources."
Captain Butts, a river pilot earning $92,000.00 per year, does not contend that he is unable to pay the amount ordered ($375.00 per month) or that he cannot maintain Miss Butts on his insurance policy. He does argue that Miss Butts, despite her obvious physical limitations, has recently obtained custody of a young person awarded to her by the Juvenile Court, and that he shouldn't have to support this child.
Actually, Miss Butts sought twice as much support as the district court awarded. She asked for $750.00 per month.
The trial judge apparently concluded that Miss Butts' medical condition and her present status prevents her from obtaining gainful employment, and the record fully supports this finding. Miss Butts, whose physical impairment is permanent, has tried to work in the past but found herself physically unable to perform.
We cannot disturb this determination unless manifestly erroneous. See Canter v. Koehring, 283 So.2d 716 (La.1973) and Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978).
Miss Butts' request for damages because of the frivolous nature of this appeal is based on LSA-C.C.P. art. 2164, which states:
"The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The court may award damages for frivolous appeal; and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable."
She also cites Dugas v. St. Martin Parish Police Jury, 351 So.2d 271 (La.App. 3rd Cir.1977).
In Louisiana, however, appeals are favored and the imposition of damages is not made unless clearly due. See Maxwell *1167 v. State, Dept. of Transportation, 391 So.2d 1230 (La.App. 1st Cir.1980); Boustany v. Fluid Dynamics, 392 So.2d 750 (La.App. 3rd Cir.1980) and many similar cases.
In the Dugas case, the Third Circuit declined to award damages and said:
"Where the court finds that a frivolous appeal has been lodged, it may award damages. That power of the court is penal in nature and must be strictly construed. Only in those cases in which the court finds that the appeal was taken solely for delay and/or that counsel for appellant did not seriously believe the law which he advocated, are damages for a frivolous appeal allowable."
Here, Captain Butts' appeal did not suspend support payments and it did have, from his viewpoint at least, a reasonable basis. Thus, the request for damages is denied.
For these reasons, we affirm the district court judgment requiring Captain Butts to pay $375.00 monthly to Miss Butts and to keep her on his insurance policy, and we decline to award damages for a frivolous appeal.
AFFIRMED.
NOTES
[1] An abscess on the spine.