DOUCET, Judge.
Gregory Thibodeaux, plaintiff-appellant, brought this suit against Norris Stagg and his liability insurer, Louisiana Farm Bureau Casualty Insurance Company, the defendant-appellees, seeking damages incurred in a vehicular collision between the parties. Norris Stagg reconvened seeking damages for his loss in the collision. The trial court held that Thibodeaux’s negligence was the sole cause of the accident and denied recovery, and awarded Stagg $517.00 in damages on his reconventional demand. The plaintiff-appellant perfected this devolutive appeal.
The collision occurred on Louisiana Highway No. 29 on May 24, 1982 at approximately 3:15 p.m. The plaintiff was riding his motorcycle in a southerly direction when he approached the defendant’s truck, also traveling in a southerly direction at a very low rate of speed. As the plaintiff was passing the defendant, the defendant began to execute a left turn and collided with the plaintiff. The plaintiff was thrown from his motorcycle and sustained several injuries to his right knee, right shoulder and right rib cage. The plaintiff was assisted by the defendant and a third party to the Ville Platte General Hospital where he was treated by nurses in the emergency room and then released. No physician was consulted until January 14, 1983 when Dr. John Tassin examined the plaintiff.
The plaintiff then filed this lawsuit on February 8, 1983 seeking damages caused by the defendant’s alleged negligence in attempting to make the left turn. The defendant denied this allegation in his answer and also reconvened for the damage to his truck caused by the collision. A trial was conducted on the matter in which both parties testified as well as the investigating police officer. Stagg testified that he was going about 5 to 10 mph when he began to execute a left turn which resulted in the collision. Stagg testified that he took all precautions and made the proper left turn signal. Thibodeaux testified that he was traveling at about 50 mph as he attempted to pass the defendant and that without a warning the defendant began to turn left, thereby resulting in their collision. The investigating officer testified that from the skid marks and the position of the motorcycle that the plaintiff was traveling at least 50 mph. Also adduced at trial was the fact *744 that a curve in the road was just beyond the point of the collision which was followed by a bridge.
The trial court found that the plaintiff was contributorily negligent and that the defendant was not negligent in any way. The plaintiffs demand was rejected and his claim dismissed. The court then awarded the defendant $582.12 for the damages to his truck caused by the collision pursuant to his reconventional demand. Following is the crux of the trial court’s reason for judgment:
“From the evidence adduced at the trial, the court finds as a fact proven that plaintiff was proceeding at an excessive rate of speed under the circumstances. He was coming to a curve at a fast rate of speed and could not see around the bend, heedless of what might await him beyond. This the court finds constituted contributory negligence on his part.”
“Contributory negligence is an affirmative defense, the burden of proving which rests with the defendants. The court finds that they have carried this burden successfully.”
“Defendant Fontenot was proceeding in at a very slow speed, and in a very prudent manner. He had ascertained that no vehicles were either coming toward him or following him and had begun his turning manouver [sic] when his truck was struck with great force and violence by plaintiffs motorcycle. The Court finds that Fontenot was free of all negligence.”
The plaintiff-appellant contends that the trial court was in error when it concluded that he was contributorily negligent and that the defendant was free of all negligence. The appellant also contends that the trial court was in error when it did not apply comparative negligence in deciding the case.
It is axiomatic that an appellate court should not disturb the factual conclusion of a trial court absent a manifest error which makes the factual determination clearly wrong. Boustany v. Fluid Dynamics, Inc., et al., 392 So.2d 750 (La.App. 3rd Cir.1980); Johnson v. Coca Cola Bottling Co., 386 So.2d 993 (La.App. 3rd Cir. 1980). In Canter v. Koehring, 283 So.2d 716 (La.1973) the Supreme Court explained the basis for this principle:
“When there is evidence before the trier of facts which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court’s finding, on review the appellate court should not disturb this factual finding in the absence of manifest error. Stated another way, the reviewing court must give great weight to factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. The reason for this well-settled principle of review is based not only upon the trial court’s better capacity to evaluate live witnesses (as compared with the appellate court’s access only to a cold record), but also upon the proper allocation of trial and appellate functions between the respective courts.”
After reviewing the record, we find that there existed a reasonable factual basis for the trial court’s factual conclusion. The testimony of Mr. Stagg supports the trial court’s conclusion that he was free from negligence in this matter. Although Mr. Thibodeaux’s testimony directly contradicted Mr. Stagg’s testimony, the trial court was satisfied with the truth of Mr. Stagg’s version of the events leading to the collision. This is precisely the situation where the appellate court’s deference to the trial court’s factual determination is warranted. The conclusion that Mr. Stagg was completely free of negligence in this matter is not manifestly erroneous and therefore will not be disturbed on this appeal. Canter, supra. Also, the trial court’s conclusion that Mr. Thibodeaux was solely responsible for the collision will remain undisturbed on this appeal. As the negligent party, the plaintiff is liable to Mr. *745 Stagg for the damages claimed in his re-conventional demand for losses caused by the collision. Because we affirm the trial court’s holding that only one party was negligent in this matter, the issue of comparative negligence need not be addressed.
For the foregoing reasons we affirm the trial court’s judgment. The plaintiff-appellant is assessed the costs of this appeal.
AFFIRMED.