463 So.2d 75 (1985)
Lena MORVANT, et al., Plaintiff-Appellant,
v.
Huey SMITH, et al., Defendant-Appellee.
No. 84-85.
Court of Appeal of Louisiana, Third Circuit.
January 30, 1985.
David W. Groner, New Iberia, for plaintiff-appellant.
Jack Bolinger, Lafayette, for defendant-appellee.
Before GUIDRY, FORET and LABORDE, JJ.
LABORDE, Judge.
This is an appeal by the plaintiff, Lena Morvant, individually and as natural tutor for her minor son, Willie Morvant, against the defendants Huey Smith, individually and as natural tutor for his minor daughter Lisa Smith, and State Farm Fire and Casualty Company. Liability of the defendants is admitted and the only question before this court is whether the trial judge abused his discretion in awarding $17,500 to the plaintiff for general damages. Finding no abuse of discretion by the trial judge, we affirm.
*76 This suit arises out of the action of defendant's daughter, Lisa Smith, on July 26, 1982. Lisa threw a half-full half gallon juice bottle at several boys who were swimming below where she was fishing on the Catahoula Bridge in St. Martin Parish, Louisiana, and were teasing her by pulling on her fishing line. The bottle hit Willie Morvant on the head, shattered, and caused a series of cuts on his face and shoulder and other damages complained of in this suit.
Lena Morvant seeks an increase in the $17,500 award for the following general damages: pain, suffering, and psychological consequences suffered by Willie Morvant subsequent to the accident, including pain and suffering before, during, and after two plastic surgery operations, and permanent residual facial and shoulder disfigurement. The defendants do not seek a reduction and contend that the award is fair and equitable.
The principles of appellate review required by La.Civ.Code article 1943(3) and Louisiana jurisprudence permits the trial judge much discretion in the assessment of general damages. Coco v. Winston Industries, Inc., 341 So.2d 332, 335 (La.1977); Boswell v. Roy O. Martin Lumber Co., Inc., 363 So.2d 506, 507 (La.1978); Reck v. Stevens, 373 So.2d 498, 499 (La.1979).
At the time of the accident, Willie Morvant was a typically active thirteen year old child. His activities involved the normal share of bumps and scrapes for a boy his age. Receiving stitches was not a new experience for him.[1] The record shows that during the time the cuts to Willie's face and shoulder were being closed by implanting some sixty-nine stitches, Willie was "wide-eyed and excited" [2] but never complained of pain. Neither Willie nor his mother ever requested a prescription for pain and none was ever prescribed by any of the treating physicians. Mrs. Morvant testified that Willie experienced severe discomfort the first week after the accident and Dr. Schneider, Willie's doctor, stated that his cuts were bad enough to cause some discomfort. However, there was no further evidence in the record that Willie experienced any severe pain and by August 9, 1982, less than two weeks after the accident, Dr. Schneider observed that everything was doing very well and there was neither infection nor discomfort complained of.
To almost eliminate Willie Morvant's most severe scars, a plastic surgery operation is required that will involve a three part process: excision, reconstruction and dermabrasion. Willie's severe scars, which include the scars on the shoulder, along the cheekbone, and under the left eye, might require that the above operation be done twice. His lighter scars, which include the ones on the forehead and on the bridge of the nose, need only the part of the process called dermabrasion. Dermabrasion is a process where the top layer of the scar is sanded away in order to allow the skin to be even and smooth when it heals. Dr. Cromwell, the plastic surgeon, testified that dermabrasion would be the most painful of the entire process and the pain, which would last only about ten days, is equal to a bad brush burn.
The plaintiff argues that Willie Morvant will suffer severe emotional problems because of significant permanent facial scarring. However, the evidence shows that there will be no significant permanent facial scarring. The plaintiff's doctor testified that after the plastic surgery procedures, permanent residual scarring will be minimal. All of the scars will be reduced to a level of Grade I. The local grading system used by the doctors in the area classify the Grade I scar as a scar which is difficult to see at "close conversational confidential distance."[3] Therefore, despite *77 how typical it is for a child to suffer severe emotional problems because of significant permanent facial scarring, Willie Morvant should not experience such problems because his scars will be reduced to a level of Grade I.
The plaintiff also complains that the psychological damage to Willie Morvant was ignored by the trial judge. The majority of the trial involved the expert testimony of a Dr. Berard concerning his evaluation and treatment of Willie Morvant and his opinion of the emotional changes and disruptive behavior exhibited by Willie. Dr. Berard was accepted by the court as an expert in the field of Clinical Psychology. His testimony was uncontradicted and undisputed by the defendants. The trial judge, however, decided that the psychological damage resulting from the trauma of the accident was not nearly as severe as Dr. Berard indicated. It is evident that the trier of fact simply did not agree with Dr. Berard's opinion on the ultimate fact at issue, i.e., the amount of psychological damage to Willie Morvant.
The plaintiff asks whether a trial court can ignore uncontradicted, established evidence documented by facts and experts. It is true that uncontradicted expert testimony regarding the underlying facts may not be lightly disregarded. Lester v. Employees Mutual Liability Insurance Company of Wisconsin, 333 So.2d 672, 673 (La.App. 3rd Cir.1976), writ denied, 337 So.2d 875 (La.1976). However, even expert testimony as to the ultimate facts, although uncontradicted, is not binding on the court. Id. at 674.
The trial judge cannot totally disregard the underlying fact that, due to Willie's history of insecurity, the facial scarring threatened his sense of identity. He also cannot totally disregard the expert's hypothesis that Willie's aggressiveness, bed wetting, and social isolation could be caused by his peer group teasing him and calling him names like "scarface."
However, other underlying facts were also considered by the trial judge. Willie testified that he was teased by one boy only one time and that time was within the first week of the accident. Dr. Berard testified that within less than one year all the alleged psychological consequences caused by the accident had subsided.
After weighing all of the underlying facts the trial judge reached the ultimate factual conclusion that Willie did not suffer the severe psychological damage indicated by Dr. Berard. We find no error in the conclusion reached by the trial judge.
Finally, the plaintiff contends that in an analogous case a boy received general damages of $12,000 when his special damages amounted to only $3,060; therefore, since Willie Morvant's special damages amount to $12,265, his award for general damages should amount to $60,000. Damage awards in other cases serve only as an aid in determining whether there has been an abuse of discretion in awarding damages and rivet no steel frame of uniformity. LeBlanc v. Montgomery Ward & Co. 420 So.2d 1320, 1322 (La.App.3rd Cir.1982). Damages must be determined on the basis of the facts and circumstances peculiar to each case. Id; See also Reck v. Stevens, supra. The Louisiana Supreme Court, in Reck, requires an appellate court to find articulable reasons why the trial judge abused his much discretion granted in La. Civ.Code article 1934(3) before it may compare the prior awards of closely similar cases. Reck v. Stevens, supra at 501. We will not compare prior awards because we find no abuse of discretion.
While we may not necessarily agree with the $17,500 award for general damages, we will not disturb the trial court's award when it can reasonably be supported by the evidence and justifiable inferences from the evidence before it. Coco v. Winston Industries Inc., supra at 334.
The law of Louisiana concerning appellate review of damage awards is well stated by the following:
"The appellate review of awards for general damages is limited to determining whether the trial court abused its great discretion. The adequacy or inadequacy *78 of an award should be determined on the basis of the facts and circumstances peculiar to the case under review, having in regard also that the trier of fact has the advantage of seeing the witnesses and evaluating their testimony including that of residual pain."
Boswell v. Roy O. Martin Lumber Co., Inc. 363 So.2d 506, 507 (La.1978) (citing Revon v. American Guarantee & Liability Ins. Co., 296 So.2d 257 (La.1974)).
Our careful review of the record convinces us that the trial judge did not abuse his "much discretion" in the award of general damages. LSA-C.C. art. 1934(3).
For the above and foregoing reasons, the judgment of the trial court is affirmed at appellants' costs.
AFFIRMED.
NOTES
[1] While being treated for the injuries from the broken juice bottle, Willie carried stitches in his leg from an unrelated incident. (See Record p. 45). Willie had also received stitches in his foot on at least two different occasions before the injury caused by the broken juice bottle (See Record p. 72).
[2] See Record p. 61.
[3] See Record p. 110.