536 So.2d 836 (1988)
Norma MAYEAUX
v.
Hayden Edward MAYEAUX.
CW 88 1503.
Court of Appeal of Louisiana, First Circuit.
December 20, 1988.
Alan S. Fishbein, Baton Rouge, for Norma Mayeaux.
Philip C. Kobetz, Lafayette, for Hayden Edward Mayeaux.
Before CARTER, LANIER and LeBLANC, JJ.
LeBLANC, Judge.
The issue in this appeal is whether the Family Court has jurisdiction over a suit *837 for child support and custody of a major child in need of support.

FACTS
Norma Mayeaux, plaintiff-relator, filed suit against Hayden Edward Mayeaux, defendant-respondent, for separation and alimony. She also sought custody of and child support for their 28 year old mentally retarded daughter. The trial court denied Mrs. Mayeaux's request for rules to show cause as to the custody and child support. That court reasoned that it did not have jurisdiction as to issues involving major children except as to LSA-R.S. 9:309, which allows the family court to award child support to a child up to the age of nineteen, who is a full-time student in a secondary school. Thereafter, Mrs. Mayeaux amended her petition to allege that she is the natural tutrix of the major child and again sought child support and the temporary and permanent custody of that child. The trial court again refused to order that rules nisi be issued. Mrs. Mayeaux then applied to this court for writs of review and mandamus. Thereafter, Mr. Mayeaux filed declinatory and peremptory exceptions raising the objections of improper venue and no cause of action, respectively. The record before us does not indicate a ruling on these exceptions. This court granted a writ of certiorari and ordered that all proceedings in the family court be stayed.

LAW
The duty of support to a major child in need is recognized in the Louisiana Civil Code. La.Civ.Code art. 227 states that fathers and mothers by the very act of marrying contract the obligation of supporting and maintaining their children. La.Civ. Code Art. 229, which imposes reciprocal alimentary duties upon ascendents and descendents, states:
Children are bound to maintain their father and mother and other ascendants, who are in need, and the relatives in the direct ascending line are likewise bound to maintain their needy descendants, this obligation being reciprocal. This reciprocal obligation is limited to life's basic necessities of food, clothing, shelter, and health care, and raises only upon proof of inability to obtain these necessities by other means or from other sources.
The obligation of support continues past majority as long as the party seeking it is in need. Ramos v. Ramos, 425 So.2d 989 (La.App. 5th Cir.1983); Butts on Behalf of Walker v. Butts, 428 So.2d 1165 (La.App. 5th Cir.1983).
LSA-R.S. 13:1401, which establishes the exclusive jurisdiction of the family court for the Parish of East Baton Rouge, states in its entirety:
There is hereby established the family court for the parish of East Baton Rouge, which shall be a court of record with exclusive jurisdiction in the following proceedings:
(1) All proceedings in the interest of children under seventeen years of age as delinquent, neglected, or otherwise in need of the protection of the state, except capital crimes and attempted aggravated rape if committed by children fifteen years of age or older.
(2) Of the trial of all persons charged with the violation of any law enacted for the protection of the physical, moral, or mental well-being of children under seventeen years of age, not punishable by death or hard labor.
(3) All cases of desertion or nonsupport or criminal neglect of minors by either parent.
(4) All cases of desertion or nonsupport or criminal neglect of a wife by her husband.
(5) All proceedings under the Uniform Reciprocal Enforcement of Support Law.
(6) All proceedings for the adoption of minors, to decree minors abandoned and for the relinquishment or termination of parental rights.
(7) All actions for divorce, separation from bed and board, annulment of marriages, establishment or disavowal of the paternity of children, alimony and support, custody and visitation of children, as well as of all matters incidental to any of the foregoing proceedings, *838 including but not restricted to the issuance of conservatory writs for the protection of community property, the awarding of attorney fees to the wife in judgments of divorce and separation, the cumulation of and rendering executory of alimony, the issuance of writs of fieri facias and garnishment under judgments of the court for alimony and attorney fees, jurisdiction of which was vested in the Nineteenth Judicial District Court for the parish of East Baton Rouge prior to the establishment of the family court for the parish of East Baton Rouge. The Nineteenth Judicial District Court for the parish of East Baton Rouge however, shall retain jurisdiction of all proceedings involving liquidation and partition of the community after a judgment of divorce or separation from bed and board.
(8) All proceedings for writs of habeas corpus for the determination and enforcement of rights to the custody of minors or for the release of any person in actual custody in any case of which the family court has original jurisdiction.
The family court for the parish of East Baton Rouge has all such additional jurisdiction, power, and authority now or hereafter provided by law for the juvenile courts, and particularly but not restricted to the jurisdiction, power, and authority under the provisions of R.S. 13:1569 through R.S. 13:1592. (emphasis added)
A review of this statutory authority reveals that actions for alimony, support, custody and visitation of children are within the family court's jurisdiction. It specifies that the family court shall have exclusive jurisdiction for actions of support and custody, jurisdiction of which was previously vested in the Nineteenth Judicial District Court. This provision of the statute does not distinguish between major and minor children. Other provisions in the statute specifically refer to proceedings involving minors, such as adoption of minors, cases of desertion or non-support or criminal neglect of minors and for writs of habeas corpus for the determination and enforcement of rights to the custody of minors. Furthermore, Mr. Mayeaux, in his brief to this court, concedes that the family court has jurisdiction over the proceedings herein.
Thus, we find that LSA-R.S. 13:1401 grants jurisdiction to the Family Court of East Baton Rouge Parish over cases involving the custody and support of children, including the alimentary support obligation owed to major children in need, and issues as to custody of children such as the Mayeaux's child. For the above reasons, we reverse the trial court's ruling as to the lack of jurisdiction.
However, there is no showing that Mrs. Mayeaux has been named tutrix of her daughter under Louisiana Civil Code articles 354 et seq., which provide for proceedings for continuing or permanent tutorship of mentally retarded persons.[1] Nor does Mrs. Mayeaux show that she has been named curatrix under the proceedings for interdiction. La. Civil Code art. 389 et seq.
The Fifth Circuit Court of Appeal in Ramos, supra, held that the trial court erred in awarding child support for a major mentally retarded child where the mother failed to show her capacity under the previously mentioned procedures.
In this case, Mrs. Mayeaux also failed to show her capacity to seek child support and custody. Thus, this court, on its own motion, notices the peremptory exception raising the objection of no right of action. This exception raises the question of whether the plaintiff has any interest in judicially enforcing the right asserted. It may be pleaded at any stage of the proceedings and noticed by the appellate court on its own motion. La.Code Civ.P. arts. 927, 928, 2163; Teachers' Retirement System v. La. St. Employees, 456 So.2d 594 (La.1984).
*839 Since Mrs. Mayeaux has filed proceedings to obtain tutorship of her daughter, we remand to the family court to allow her an opportunity to amend the petition to show her capacity.
Thus, for the above reasons, we make the writ of certiorari peremptory, thereby reversing the trial court's ruling as to jurisdiction and remanding to the trial court. Costs are to be equally divided between the parties.
WRIT OF CERTIORARI MADE PEREMPTORY.
NOTES
[1] Mrs. Mayeaux attaches a copy of a petition for permanent tutorship pursuant to La.C.C. art. 354 et seq., filed in the Nineteenth Judicial District Court. The record before us, however, does not include a judgment in which she has been named tutor.