HARDY, Judge.
This is an action by plaintiff for the recovery of damages for personal injuries and medical expenses as the result of an automobile collision. Named as defendants were Albert Patterson, the Yellow Cab Company of Shreveport, Inc., Fidelity General Insurance Company, driver, owner and insurer, respectively, of the taxicab in which plaintiff was a fare-paying passenger, Floyd Lakey, driver of the other automobile involved, and his insurer, New York Fire & Marine Underwriters, Inc. The Yellow Cab Company defendants in answer to plaintiff’s petition denied the allegations of negligence and alternatively impleaded Lakey and his insurer as third party defendants. After trial there was judgment in favor of plaintiff and against the defendants, Lakey and New York Fire & Marine Underwriters, in the principal sum of $2,500.00, and further judgment rejecting plaintiff’s demands against the other defendants and also rejecting the demands of third party plaintiffs. From this judgment both plaintiff and the defendants, Lakey and New York Fire & Marine Underwriters, have appealed.
Plaintiff-appellant contends that judgment should be rendered in her favor against all the named defendants, and that the amount of the judgment should be substantially increased. Defendants-appellants also urge error as to the holding absolving the Yellow Cab defendants of liability, and complain that the amount of the judgment in favor of plaintiff is excessive.
The accident occurred in the intersection of Milam Street and Allen Avenue in the City of Shreveport, which intersec *334 tion is controlled by an overhead semaphore signal. Prior to the collision Patterson was driving the taxicab south on Allen Avenue, with the intention of turning left and proceeding east on Milam Street, and Lakey was driving his automobile west on Milam Street. The testjmony of the three eye witnesses, plaintiff and the two drivers, is in conflict as to some details, but on three material points the testimony is uncontro-verted, namely, that both vehicles were moving slowly, that Patterson drove the taxicab into the intersection on a favorable light, either a green arrow permitting his left turn or a green signal permitting movement of all traffic on Allen Avenue, and that Lakey entered the intersection on a red light. The explanation given by Lakey was that he contemplated making a right turn, which maneuver is generally permissible under the traffic ordinances of the City of Shreveport. However, we have reached the conclusion, as did the district judge, that Lakey must have been in error on this point, and, in fact, he was proceeding straight through the intersection and was not in the right turn lane of Milam Street. This is supported by the preponderance of the testimony as is the conclusion that the point of impact was fixed at or near the center of the intersection.
After study of the record we find ourselves in complete accord with the conclusion of the district judge that the negligence of Lakey was the sole and proximate cause of the collision.
There can be no ground for dispute as to the effect of our long established jurisprudence which places the burden of proof upon a carrier in cases where a passenger has suffered injury. However, under the facts of the instant case, we have no question as to the correctness of the conclusion that the Yellow Cab defendants have assumed and successfully discharged the burden of exonerating the driver of the cab from any act of negligence. As above noted, Patterson was driving at a very slow rate of speed, entered the intersection on a green light and had the right to assume, in the absence of any indication to the contrary, that the traffic signals would be observed by drivers on Milam Street.
 Proceeding to a consideration of the quantum of the award, it is noted that counsel for plaintiff-appellant not only complains of the inadequacy thereof but also of the failure of the district judge to itemize or apportion the award with reference to plaintiff’s claims for medical expenses, loss of wages and pain and suffering. We are not aware of any authority which requires such an apportionment either by the trial or the appellate court.
Testimony as to the nature, degree and extent of plaintiff’s injuries was given by plaintiff and her attending physician, an orthopedic specialist, and on behalf of defendants by an orthopedic specialist who made an examination of plaintiff some five months after the occurrence of the accident. Plaintiff testified that she was thrown to the floor of the cab and that the left side of her back and left hip struck the ridge in the center of the floor of the cab. Following the accident plaintiff was examined by Dr. Fox, an orthopedic surgeon, who treated her extensively, principally by the administration of physiotherapy, which treatments continued into the month of April. Disturbed by plaintiff’s continued complaints, and in order to relieve his mind of any doubt as to the possible existence of a ruptured disc, Dr. Fox hospitalized plaintiff for the performance of a myelogram on April 7, 1966. The myelogram was clear, and the test was negative as to any nature of disc injury. Plaintiff was discharged from the hospital on April 13th and Dr. Fox advised her to return to work in approximately a week, which advice was subsequently repeated on the dates of April 21st and May 5th, the occasions of the last visits by plaintiff. This witness diagnosed plaintiff’s condition as a sprain of the lower back. The testimony of defendant’s expert witness, Dr. Ray King, also an orthopedic surgeon, disclosed that plaintiff was complaining at the time of his examination on April 13, 1966, of pain in the lum *335 bar and thoracic regions, which, however, he could not develop as being localized, and it was his opinion that plaintiff’s symptoms were grossly exaggerated.
As observed by the district judge in his written opinion, the impact of the collision was very slight and both vehicles stopped almost immediately, from which the judge concluded that plaintiff’s injuries could not have been “too severe.”
After study of the testimony of these witnesses it is our opinion that plaintiff has, perhaps unconsciously and unintentionally, exaggerated the effect of her injuries. The testimony of the medical witnesses is in substantial agreement as to the period of plaintiff’s disability based upon objective findings.
A complicating factor in considering the details of plaintiff’s injuries lies in the fact that plaintiff had suffered injuries of a somewhat similar nature, although not so severe, as the result of an accident, some six weeks prior to the date of that upon which the present suit is based, while she was a passenger on a bus in the City of Shreveport. The testimony of the medical experts was clear on the point that it was not possible to reasonably determine the extent of plaintiff’s injuries sustained in each of the two accidents. However, we do not find that this would have any material bearing upon the amount of the award in this case.
We cannot find that the award of the district judge constituted an abuse of his discretion, and, in our opinion, the amount fixed was neither excessive nor inadequate.
Out of consideration for counsel for plaintiff-appellant, it is our appreciation of the facts established by the record that plaintiff is entitled to the recovery of $722.-40 as medical expenses and to the sum of $805.00 representing loss of wages at $35.00 per week for a period of 23 weeks. This would leave the amount of approximately $1,000.00 representing an allowance for pain and suffering.
For the reasons assigned the judgment appealed from is affirmed. Costs of this appeal are assessed equally against the two appellants.