420 So.2d 1320 (1982)
Rolland LeBLANC, et ux., Plaintiffs-Appellees,
v.
MONTGOMERY WARD & COMPANY, INC., Defendant-Appellant.
No. 82-200.
Court of Appeal of Louisiana, Third Circuit.
October 13, 1982.
Raggio, Cappel, Chozen & Berniard, Thomas L. Raggio, Lake Charles, for defendant-appellant.
Robert W. Thomas, Lake Charles, for plaintiffs-appellees.
Before DOMENGEAUX, DOUCET and YELVERTON, JJ.
DOUCET, Judge.
This is a slip and fallpremises liability case wherein the only issue presented on appeal is damages. Were they established? If so, was the trial court's award clearly excessive?
On Saturday, June 14, 1980, Mrs. Gertrude LeBlanc was shopping in the Prien Lake Mall in Lake Charles, La., whereat she decided to look at some linens on display during defendant's "June White Sale". As she walked down one of the aisles, she slipped on an open mesh wire rack laying on the floor and fell to the ground.
Immediately after the accident a representative of defendant-appellant, Montgomery Ward & Co., Inc., arrived at the scene and offered to take Mrs. LeBlanc to the hospital for examination and treatment if necessary. Although Mrs. LeBlanc complained of pain, she declined medical assistance, prefering to go home.
On the following Monday, June 16, 1980, a representative of Montgomery Ward *1321 called to inquire of the customer's condition whereupon she again complained of pain and, accordingly, was referred to Dr. Ed Nagem, a local surgeon and company physician for Montgomery Ward. On the following day plaintiff reported to Dr. Nagem who saw her then and again one week later.
Subsequently, on August 26, 1980, Mrs. LeBlanc visited another physician, Dr. Gerald Litel, a neurosurgeon, due to the fact that her pain persisted.
Thereafter, plaintiff consulted Dr. George P. Schneider, an orthopedic surgeon of Lake Charles who treated her from December 1980, until the time of trial. On November 16, 1981, he had her hospitalized for further testing and she remained in the hospital until November 20, 1981. Dr. Schneider's conclusion was that plaintiff was suffering from a spraining injury to her lower back which was superimposed upon a rather advanced degenerative process with secondary nerve root irritation into the lower left extremity. In his opinion, the fall was responsible for rendering the degenerative arthritic condition symptomatic.
At the request of the attorney for Montgomery Ward, Mrs. LeBlanc was seen again by Dr. Litel on December 14, 1981. His opinion was that there was no neurologic injury or disease.
At trial on the merits, the trial court heard the testimony of Drs. Litel, Nagem, and Schneider as well as that of numerous lay witnesses. At the conclusion of trial, on December 22, 1981, the trial judge ruled that Montgomery Ward was negligent, that Mrs. LeBlanc was free of negligence, and he awarded the sum of $5,000 to Mr. LeBlanc, representing past and future medical expenses, and he awarded plaintiff the sum of $45,000.00, representing damages for pain and suffering.
Thereafter defendant filed an application for new trial limited to reargument only as to quantum. This reargument was made, however, the court adhered to its original position. From that judgment defendant has appealed, maintaining that said awards are excessive.
Our review of the record reveals that plaintiff indeed suffers serious back problems. Although part of her problems may be attributable in part to an arthritic condition present prior to the accident, it is well established that aggravation of a pre-existing condition is compensable. Appellant's contention that plaintiff did not establish the existence of damages is without merit. While her doctors differ as to the source of her problems and extent thereof, the trial judge apparently assigned greater weight to the testimony of the treating physician, Dr. Schneider, an orthopedic surgeon, whose testimony was most favorable to plaintiff. Assessment of the credibility of the witnesses is clearly the province of the trier of fact and his judgment will not be disturbed absent manifest error. Canter v. Koehring, 283 So.2d 716 (La.1973). We find no manifest error.
Dr. Schneider, who agreed with the other doctors that plaintiff sustained a back sprain superimposed upon a previously existing degenerative arthritic condition, testified that, in his opinion, Mrs. LeBlanc will continue to have back problems if she does not have surgery. Surgery would involve approximately 10 days hospitalization, require plaintiff's placement in a body cast for eight to ten weeks, then rehospitalization would be required. Thereafter, a chair brace would be required for a period of six months to a year. The cost for the surgeon's fee alone was estimated by Dr. Schneider to be $2,500.00. In all probability, additional medical expenses and costs of medication would be incurred.
The standard of appellate review vis-a-vis damage awards was set forth in Reck v. Stevens, 373 So.2d 498 (La.1979) as follows:
"Before a trial court award may be questioned as inadequate or excessive, the reviewing court must look first, not to prior awards, but to the individual circumstances *1322 of the present case. Only after analysis of the facts and circumstances peculiar to this case and this individual may a reviewing court determine that the award is excessive.
With regard to appellate review of the much discretion of the trier of fact in the award of general damages, La.C.Civ.P. art. 1934(3), we stated (after exhaustive review of the facts, and reversing the appellate court for disturbing (on the basis of prior awards) the trier of fact's award) in Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127, 132 (1967) (Italics ours):
"The law is plain and means what it says, and it is the duty of all appellate courts to follow it. Under this rule the amount of damages assessed by the judge or jury should not be disturbed unless the appellate court's examination of the facts reveals a clear abuse of the discretion vested in the trial court.... The facts and circumstances in the other neck injury awards, relied upon by respondent as showing that this award was all out of proportion with the previous awards for similar injuries, causes them to have little or no relevancy for purposes of demonstrating the excessiveness of this award."
Thus, the initial inquiry must always be directed at whether the trier court's award for the particular injuries and their effects upon this particular injured person is, a clear abuse of the trier of fact's "much 3 discretion," La.Civ.C. art. 1934(3) in the award of damages. It is only after articulated analysis of the facts discloses an abuse of discretion, that the award may on appellate review, for articulated reason, be considered either excessive, Carollo v. Wilson, 353 So.2d 249 (La.1977); Schexnayder v. Carpenter, 346 So.2d 196 (La.1977), or insufficient, Olds v. Ashley, 250 La. 935, 200 So.2d 1 (1967). Only after such determination of abuse has been reached, is a resort to prior awards appropriate under Coco for purposes of then determining what would be an appropriate award for the present case.
In the initial determination of excessiveness or insufficiency, an examination of prior awards has a limited functionif indeed the facts and circumstances of the prior awards are closely similar to the present. The prior awards may serve as an aid in this determination only where, on an articulated basis, the present award is shown to be greatly disproportionate to past awards (not selected past awards, but the mass of them) for (truly) "similar" injuries, see Coco at 341 So.2d [332,] 334.
Thus, in reviewing a trial court's award of damages one cannot simply resort to seemingly analogous cases inasmuch as the damages must be determined on the basis of facts and circumstances peculiar to each case. Our review of the record convinces us that the trial judge did not abuse his "much discretion" in the award of damages. LSA-C.C. Art. 1934(3).
There can be no serious dispute as to the propriety of the award for past and future medical expenses. The above mentioned facts indicate that, if anything, plaintiff's medical expenditures will exceed the amount awarded. With respect to the award for pain and suffering, the record discloses that since the fall Mrs. LeBlanc has been in constant pain and wears a backbrace prescribed by Dr. Schneider. She is taking medication three times daily. She cannot do her housework. Her back hurts if she sits or stands for too long of a period of time and she can't lift or bend without enduring substantial pain. The testimony of Mrs. LeBlanc in this regard was substantiated by the testimony of her husband, daughter, and treating physician. Dr. Schneider stated "Her problem has been one of continuing pain complex. It varies in some degree. It's aggravated by any attempt to increase activity but she continues to have a consistent picture of disability referrable to her back with this secondary involvement of the left lower extremity." *1323 The surgeon was convinced that plaintiff's pain is genuine and stated that she will remain on medication for an indefinite period of time.
For the reasons assigned, the judgment appealed is affirmed at appellant's cost.
AFFIRMED.