426 So.2d 731 (1983)
James GIBSON, Plaintiff-Appellee,
v.
WINN DIXIE LOUISIANA, INC., Defendant-Appellant.
No. 82-483.
Court of Appeal of Louisiana, Third Circuit.
February 3, 1983.
*732 Brinkhaus, Dauzat & Falgoust, Jerry Falgoust, Opelousas, for defendant-appellant.
Kenneth Pitre, Eunice, for plaintiff-appellee.
Before STOKER, YELVERTON and KNOLL, JJ.
KNOLL, Judge.
This appeal involves a dispute over a slipfall injury and the amount of damages awarded to the plaintiff-appellee by the jury.
Plaintiff filed a suit against Winn Dixie Louisiana, Inc., for damages in the sum of $175,000.00 for injuries he sustained on January 11, 1981, after he slipped and fell in the defendant's store in Eunice. The defendant denied any liability contending that plaintiff's own negligence was the proximate cause of the accident.
A trial by jury was held on March 29, 1982. At the conclusion of the trial the jury found in favor of the plaintiff (9 to 3) awarding him damages in the sum of $35,000.00, which included medical expenses.
The issues on appeal by the defendant-appellant are:
(1) Whether the jury committed manifest error in its finding that a foreign substance on the floor caused the accident; and
(2) Whether the jury's award of damages was an abuse of discretion.
The plaintiff-appellee answered the appeal for an increase in the damage award.

FACTS
On January 11, 1981, shortly after 6:00 o'clock P.M., the plaintiff James Gibson, went into the Winn Dixie Store in Eunice to purchase some anti-freeze on the west side of aisle number two; he proceeded east to get a can of motor oil. Suddenly his right foot slipped, causing him to fall on his tailbone. The push cart he was using fell on top of him.
He attempted to get up but was unable to do so because of the onsetting pain. When he hollered for help, a patron in the store came to his aid. The assistant manager, Sidney Jones, called for an ambulance and the police. Officer Tony Fuselier immediately responded to the call, staying with the plaintiff until the ambulance arrived. Officer Anthony Reed also responded to the call, but left the scene of the accident since Officer Fuselier had the situation under control.
The Acadian Ambulance Service put the plaintiff on a stretcher and took him to Moosa Memorial Hospital in Eunice. He was hospitalized for ten days. While in the hospital Dr. Reginald Segar was his treating *733 physician. His ex-wife, present wife, and his ex-sister-in-law were notified of the accident. They met him at the emergency room and attended him while he was hospitalized.
Mr. Gibson owned carnival rides. He contracted primarily with Rotary Clubs and Lion Clubs throughout the country. He requested Dr. Segar to release him from the hospital so he could attend a convention in Lincoln, Nebraska to schedule his showings. Due to the pain he was experiencing, he was unable to attend the convention.

FOREIGN SUBSTANCE ON THE FLOOR
The appellant, Winn Dixie Louisiana, Inc. contends the jury committed manifest error in finding that a foreign substance on the floor caused the appellee to slip and fall. To uphold this contention, the record must negate the findings of the jury. LSA-Const. Art. 5, § 10(B) reads:
Art. 5, § 10 Courts of Appeal; Jurisdiction
Section 10. (A) Jurisdiction. Except in cases appealable to the supreme court and except as otherwise provided by this constitution, a court of appeal has appellate jurisdiction of all (1) civil matters decided within its circuit and (2) matters appealed from family and juvenile courts, except criminal prosecutions of persons other than juveniles. It has supervisory jurisdiction over cases in which an appeal would lie to it.
(B) Scope of Review. Except as limited to questions of law by this constitution, or as provided by law in the review of administrative agency determinations, appellate jurisdiction of a court of appeal extends to law and facts.
Absent a showing of manifest error in the record, the trier of fact's finding (in this case a jury) will not be disturbed. Arceneaux v. Domingue, 365 So.2d 1330 (La.1979).
Appellant introduced testimony of several witnesses who testified they did not see any foreign substance in the vicinity of the accident. Appellee introduced testimony of Officer Fuselier who testified that he saw a small residue of clear oil which looked like "someone had set a box down and lifted the box up and left a spot on the floor." Officer Fuselier also testified he noticed a line that appeared like a scuff mark within the rectangular shaped oil spot. This testimony was reinforced by the testimony of Officer Reed who also saw the oil spot. The appellee, Mrs. Gibson, and his ex-sister-in-law, Mrs. Bordelon, testified that they saw an oil substance underneath the heel of appellee's right boot while they were all in the emergency room.
In the presence of the jury defense counsel pointed out certain inconsistencies in the testimony of Officer Fuselier by use of a previously recorded statement. Their evaluation of credibility and inferences of fact should not be disturbed even though the appellate court may differ with the jury's conclusions. Cadiere v. West Gibson Products Company, Inc., 364 So.2d 998 (La. 1978); Arceneaux, supra.
We find the record supports the jury's findings.

AWARD OF DAMAGES
Witnesses for both the appellant and the appellee testified that Mr. Gibson was in severe pain at the scene of the accident. Dr. Segar's diagnosis, immediately after Mr. Gibson was admitted, was low back spasms, with pain going down his right leg. He had a positive straight leg raising, indicative of some nerve damage of the right side of the spine. Dr. Segar's diagnosis was "an acute muscular spasms, strained type injury of the lower back along with possibility of sciatic nerve type injury and of course at that time we could not exactly rule out a disc problem."
On February 11, 1981, Dr. Segar did not feel that Mr. Gibson had made significant improvement. He referred Mr. Gibson to a neurosurgeon, Dr. Young, whose report was introduced in evidence, and states:
"My assessment then is that this man probably does have a lumbar radiculopathy. I advised him that I completely agreed with your management up until *734 this point since the vast majority of these resolve in time. However, since he has failed to resolve by this time, I would recommend lumbar myelography. The patient is to check into the appropriate financial arrangements and will be back in touch with me."
At the trial Dr. Segar's diagnosis was that Mr. Gibson had a definite type of sciatic nerve irritation, in conjunction with lumbar and muscular spasms, and, needed a myelogram to confirm the probable disc.
Since Mr. Gibson could not afford the myelogram, nor pay for the treatment of Dr. Segar, he sought the services of Dr. Jerry Napoli, a local chiropractor. He subsequently sought treatment of the Veterans Administration in Alexandria. The medical expenses he incurred totaled $2,707.85.
It is only after an analysis of the facts which discloses an abuse of discretion that the award may, on appellate review, for articulated reasons, be considered. Olds v. Ashley, 250 La. 935, 200 So.2d 1 (1967) and its progeny. This issue was recently before this court in Le Blanc, et ux. v. Montgomery Ward & Company, Inc., 420 So.2d 1320 (La. App. 3rd Cir.) wherein we held:
"The standard of appellate review visa-vis damage awards was set forth in Reck v. Stevens, 373 So.2d 498 (La.1979) as follows:
`Before a trial court award may be questioned as inadequate or excessive, the reviewing court must look first, not to prior awards, but to the individual circumstances of the present case. Only after analysis of the facts and circumstances peculiar to this case and this individual may a reviewing court determine that the award is excessive.
With regard to appellate review of the much discretion of the trier of fact in the award of general damages, La.C. Civ.P. art. 1934(3), we stated (after exhaustive review of the facts, and reversing the appellate court for disturbing (on the basis of prior awards) the trier of fact's award) in Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127, 132 (1967) (Italics ours):
"The law is plain and means what it says, and it is the duty of all appellate courts to follow it. Under this rule the amount of damages assessed by the judge or jury should not be disturbed unless the appellate court's examination of the facts reveals a clear abuse of the discretion vested in the trial court.... The facts and circumstances in the other neck injury awards, relied upon by respondent as showing that this award was all out of proportion with the previous awards for similar injuries, causes them to have little or no relevancy for purposes of demonstrating the excessiveness of this award."
[3] Thus, the initial inquiry must always be directed at whether the trier court's award for the particular injuries and their effects upon this particular injured person is, a clear abuse of the trier of fact's "much 3 discretion," La.Civ.C. art. 1934(3) in the award of damages. It is only after articulated analysis of the facts discloses an abuse of discretion, that the award may on appellate review, for articulated reason, be considered either excessive, Carollo v. Wilson, 353 So.2d 249 (La. 1977); Schexnayder v. Carpenter, 346 So.2d 196 (La.1977), or insufficient, Olds v. Ashley, 250 La. 935, 200 So.2d 1 (1967). Only after such determination of abuse has been reached, is a resort to prior awards appropriate under Coco for purposes of then determining what would be an appropriate award for the present case.
[4] In the initial determination of excessiveness or insufficiency, an examination of prior awards has a limited functionif indeed the facts and circumstances of the prior awards are closely similar to the present. The prior awards may serve as an aid in this determination only where, on an articulated basis, the present award is shown to be greatly disproportionate to past awards (not selected past awards, but the mass of them) for (truly) "similar" *735 injuries, see Coco [v. Winston Industries, Inc.] at 341 So.2d [332] 334 (La. 1977).'"
Our review of the record does not indicate that the trial jury abused its "much discretion" in the damage award. LSAC.C. Art. 1934(3).
For the reasons assigned, the judgment is affirmed at appellant's costs.
AFFIRMED.