441 So.2d 54 (1983)
Robert C. GREEN, et al., Plaintiffs-Appellees,
v.
SUPERIOR OIL COMPANY, et al., Defendants-Appellants.
No. 83-263.
Court of Appeal of Louisiana, Third Circuit.
November 9, 1983.
*55 William H. Syll, Jr., Lafayette, for defendants-appellants.
Paul J. Guilliot, Lafayette, for plaintiffs-appellees.
Dan A. Spencer, Houston, Tex., for defendants-appellants.
Before FORET, STOKER and YELVERTON, JJ.
FORET, Judge.
This is an action for personal injuries and property damages by husband and wife, Robert C. Green and Phyllis Green. The defendants are Superior Oil Company and George D. King. The trial court found for the plaintiffs and assessed damages. The defendants have appealed. In answer to the appeal, Robert C. Green seeks an increase in the amount of damages awarded for his pain and suffering. The issue on *56 appeal is whether the plaintiffs presented sufficient evidence to prove the damages awarded by the trial court.

FACTS
On Wednesday, June 25, 1980, Robert C. Green was driving an automobile owned by his wife, Phyllis Green. That auto was struck by another one owned by Superior Oil Company and being driven by one of its employees, George D. King. The accident was due to the fault of Mr. King while he was acting in the course and scope of his employment. This suit followed.
The only issue at trial was the amount of damages. The court lumped an award of $4,500 for both the pain and suffering and loss of earnings of Robert C. Green. It appears that approximately $3,000 was given for the loss of earnings and $1,500 for the pain and suffering[1]. Phyllis Green was awarded $680.36 for damages to her car.

PROOF OF DAMAGES
In Louisiana tort cases, the plaintiff must prove by a preponderance of the evidence the damages caused by the tortfeasor's fault. Proof is sufficient to constitute a preponderance when it shows that the fact sought to be proved is more probable than not. Jordan v. Travelers Insurance Co., 257 La. 995, 245 So.2d 151 (1971). Defendants-appellants allege that the plaintiffs did not introduce sufficient evidence to carry their burden.
A. LOSS OF EARNINGS.
The record clearly shows that there was sufficient medical evidence to support the trial court's conclusion that Mr. Green was prevented from working because of his accident-related injuries. Appellants do not challenge that finding. They do claim, however, that the plaintiffs did not introduce sufficient evidence to justify the trial court's award for loss of earnings.
The only evidence presented by plaintiffs regarding loss of earnings was their own testimony. Both Mr. and Mrs. Green testified that Mr. Green had been working for a painting contractor in Texas and had been earning $100 per day with a guaranteed minimum of $400 per week. A claim for loss of earnings need not be proved with mathematical certainty, but only by such proof as reasonably establishes a plaintiff's claim. This may consist only of plaintiff's testimony, if considered credible by the trier of fact. Bize v. Boyer, 402 So.2d 110 (La.App. 3 Cir.1981), affirmed, 408 So.2d 1309 (La.1982); Ainsworth v. State Farm Automobile Insurance Co., 399 So.2d 1242 (La.App. 3 Cir.1981). Since the trial judge ruled in favor of the plaintiffs, it is obvious that he found their testimony credible[2]. A trial judge's determination of credibility will not be disturbed absent manifest error. LeBlanc v. Montgomery Ward & Co., Inc., 420 So.2d 1320 (La.App. 3 Cir.1982). Thus, plaintiffs sufficiently carried their burden of proof as to Mr. Green's loss of earnings.
B. PROPERTY DAMAGE.
Where it is evident that damage has occurred, the trial court is given broad discretion to fix damages even in the absence of specific evidence as to the exact amount. DeRouen v. Department of Transportation & Development, Office of Highways, 392 So.2d 765 (La.App. 3 Cir.1980); Jordan v. Travelers Ins. Co., supra. In reviewing an award of damages, the question is not whether a different award might have been more appropriate, but whether the award of *57 the trial court can be reasonably supported by the evidence and justifiable inferences from the evidence before it. Augustine v. Dickenson, 406 So.2d 306 (La.App. 3 Cir. 1981).
According to both Mr. Green and Mr. King's testimony, the damage done to Phyllis Green's automobile was a crinkled right fender. As to the precise amount, the only evidence was the testimony of Mrs. Green regarding what she paid to have the car repaired. Mrs. Green testified that she got one estimate for $680.36, but had the car repaired at another place for "about $600" because the second place was cheaper. Since the only evidence as to the exact amount of damages was Mrs. Green's testimony, the trial court erred in using the $680.36 figure; he should have awarded her the $600. We therefore amend the judgment and award $600 to plaintiff-appellee for damages to her car.
C. PAIN AND SUFFERING.
Appellants do not challenge the trial court's granting of an award for pain and suffering. Appellee, Robert C. Green, in answer to appeal, seeks an increase in this award. The record shows that Mr. Green suffered a slight cervical strain along with headaches, stomachaches, and earaches. He remained away from work for approximately six weeks because of these injuries. The trier of fact has much discretion in the awarding of damages. LSA-C.C. Article 1934(3); Boswell v. Roy O. Martin Lumber Co., Inc., 363 So.2d 506 (La.1978). We cannot find that the award of the district judge constituted an abuse of his discretion.

DECREE
We amend the judgment below to award plaintiff, Phyllis Green, $600 in property damages. In all other respects, the judgment of the trial court is affirmed. Costs of this appeal are to be borne by defendants-appellants.
AMENDED AND AFFIRMED AS AMENDED.
STOKER, J., concurs in part and dissents in part and assigns written reasons.
STOKER, Judge, concurring in part, dissenting in part.
With the exception of the award for automobile damages of $600, I concur in the majority opinion. I would disallow the automobile damages for the reasons given in DeRouen v. Dept. of Transportation and Development, 392 So.2d 765 (La.App. 3rd Cir.1980).
NOTES
[1] Although the better practice is to itemize and apportion damages with reference to a plaintiff's claim for medical expenses, loss of wages and pain and suffering, it is not required of the trial court. Conway v. Patterson, 201 So.2d 332 (La.App. 2 Cir.1967), writ denied, 251 La. 219, 221, 203 So.2d 555, 556 (1967). Our itemization and apportionment is based on Mr. Green's absence from work for approximately six weeks with a weekly wage of $500.
[2] Although plaintiffs' evidence is admittedly lacking, the defendants introduced very little in the way of contradictory evidence. This, no doubt, greatly influenced the trial court's decision.