FORET, Judge.
This is a tort action arising out of an automobile accident which occurred in the City of Lafayette, Louisiana. Plaintiffs are Paul and Leanna Alfred, who are husband and wife. Defendants are Jody *792 Waters and her insurer, State Farm Mutual Automobile Insurance Company (State Farm). From a judgment in favor of the defendants, plaintiffs have appealed. The issue on appeal is whether Jody Waters was guilty of negligence which was a proximate cause of the accident.
On September 5, 1980, Jody Waters was traveling north in her yellow Ford on University Avenue in Lafayette, and proceeded to turn right onto Dorothy Street. While on Dorothy Street, she intended to make a left turn into the parking lot of her place of employment but had to come to a complete stop in order to allow the oncoming traffic to clear.
Also proceeding north on University Avenue was Paul Alfred (driver), his wife, Leanna (passenger), and Christopher Frank (passenger) in Mr. Alfred’s 1972 Buick. They attempted to turn onto Dorothy Street, where they immediately encountered the stopped Jody Waters’ Ford. Alfred then came to a complete stop behind the Waters’ automobile. Because of the location of the two cars, Alfred was not able to complete his turn, thereby exposing the rear portion of his Buick to vehicular traffic on University Avenue.
A third car, driven by Earl J. Perrault, was also traveling north on University. Perrault’s automobile collided into the rear of the Alfred Buick, which was then propelled into the rear of the Waters Ford.
Paul and Leanna Alfred filed suit against Jody Waters and her liability insurer, State Farm. Christopher Frank filed suit against Earl J. Perrault. The two cases were consolidated for trial.
After a trial on the merits, the trial court found that the negligence of Earl Perrault was the sole and proximate cause of the accident, and denied the Alfreds’ claim for damages, stating,
■ “... unfortunately for the Alfreds, they simply sued the wrong parties, and as such, cannot collect damages they allege.”
The Alfreds have appealed, urging that the trial court erred in finding no negligence on the part of Jody Waters. We affirm.
Plaintiffs seek to impose liability on the defendants under LSA-R.S. 32:104[1] which provides that a motorist, before making a left turn, must give a signal of his intention to turn and be certain that the movement can be made with reasonable safety. Broussard v. Subsurface Completion Service, Inc., 338 So.2d 1217 (La.App. 3 Cir.1976). This duty extends not only to overtaking and oncoming traffic, but also to the occupants of any vehicle in the immediate vicinity who might be placed in a dangerous situation. Gloston v. Milchem, Inc., 234 So.2d 534 (La.App. 3 Cir.1970).
Plaintiffs argue that Jody Waters was negligent in failing to observe that her left turn was too close to the intersection of University and Dorothy. More specifically, they allege that she did not observe that a left turn at that particular area would prevent any following vehicles from completing a turn from University onto Dorothy and thus expose the following vehicle’s rear end to traffic traveling on University. Therefore, plaintiffs allege that Jody’s actions placed their vehicle in a dangerous situation, a violation of LSA-R.S. 32:104. We disagree. Jody Waters gradually came to a complete stop in order to allow oncoming traffic to clear before she attempted her left turn. The plaintiffs’ *793 vehicle was struck from the rear before Jody could safely complete her turn. The evidence does not indicate that Jody’s conduct was negligent in any manner. Rather, it supports the trial court’s finding that the negligence of Earl Perrault was the sole and proximate cause of the accident.
Plaintiffs’ next contention is that Ms. Waters did not give a signal of her intention to make a left turn. The evidence is conflicting on this point. Since the trial judge is in a better position to judge credibility, we will defer to his rulings on this issue. LeBlanc v. Montgomery Ward & Co., Inc., 420 So.2d 1320 (La.App. 3 Cir.1982). Furthermore, we do not see how the lack of a turn signal would have had any causal connection to this particular accident.
Plaintiffs’ final contention is that Jody was negligent in her failure to look to her rear immediately before attempting the left turn. The facts show that the left turn was never actually commenced. The trial court found, and we agree, that Jody had come to a complete stop and was struck in the rear before ever attempting to make her left turn. Therefore, plaintiffs’ contention in this respect is without merit.
Because we find no manifest error in the trial court’s finding of no negligence on the part of Jody Waters, we affirm.
DECREE
For the aforementioned reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed against plaintiffs-appellants.
AFFIRMED.

. LSA-R.S. 32:104 provides:
''§ 104. Turning movements and required signals
A. No person shall turn a vehicle at an intersection unless the vehicle is in proper position upon the roadway as required in R.S. 32:101, or turn a vehicle to enter a private road or driveway, or otherwise turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety.
B. Whenever a person intends to make a right or left turn which will take his vehicle from the highway it is then traveling, he shall give a signal of such intention in the manner described hereafter and such signal shall be given continuously during not less than the last one hundred (100) feet traveled by the vehicle before turning."