551 So.2d 821 (1989)
Patrick S. MATTHIAS, Plaintiff-Appellee,
v.
Evan D. BROWN and Protective Insurance Company, Defendants-Appellants.
No. 88-803.
Court of Appeal of Louisiana, Third Circuit.
November 8, 1989.
Writ Denied January 19, 1990.
*822 Steven Broussard, Lake Charles, for plaintiff-appellee.
Breazeale, Sachse & Wilson, Boris F. Navratil, Baton Rouge, for defendants-appellants.
Before YELVERTON, KNOLL and KING, JJ.
YELVERTON, Judge.
Patrick S. Matthias sued for damages for the wrongful death of his wife, Delinda Matthias. Evan D. Brown, driver/employee of a Yellow Freight Systems truck, and the truck's insurer, Protective Insurance Company, were named as defendants. After a trial the district court awarded Matthias damages of $328,913.42. Brown and the insurer bring this appeal to protest both the finding of liability and the amount of the award. Matthias answered the appeal asking for an increase in the award.
The fatal accident occurred on the rainy morning of February 25, 1987, on U.S. Highway 90 a mile west of the town of Iowa in Calcasieu Parish. Brown was driving a tractor-trailer eastbound, while Delinda Matthias was driving a 1982 GMC Sierra truck westbound. The highway had two lanes. Brown was following a truck driven by Earl Spell. Behind Matthias was a vehicle driven by James McMillan, and behind him, a car driven by Mrs. Jessie Smith.
The head-on collision occurred entirely in the westbound lane, which was the Matthias lane of travel. For it to have happened there, the Yellow Freight truck had to drive over there. The events which caused Brown to leave his lane and enter Matthias' lane are in dispute. Plaintiff offers the explanation that Earl Spell, whose vehicle was preceding the 10-wheeler, began making noises, and that when Spell slowed down in order to get on the shoulder and stop, Brown, the defendant, being caught off guard, applied his brakes suddenly and at the same time turned into the westbound lane to avoid hitting Spell, only to collide with Matthias. Brown, on the other hand, argues that the Matthias truck inexplicably crossed over completely into his lane, and in an attempt to avoid a collision with her, he veered into the westbound lane, and that then Matthias, returning suddenly to her lane, collided with his 10-wheeler.

LIABILITY
The trial judge heard the testimony of Brown, Mrs. Smith, Spell and McMillan. Finding that Brown was solely at fault in the collision, the trial judge gave oral reasons as follows:
We've seen pictures here that show that there are skid marks made by the Yellow Freight truck that start near the right handI think it's either a white or a yellow line, and after a while, they veer off to the north and cross the center line, and I think one of the witnesses, Mr. Evans [plaintiff's reconstruction expert], testified he thought it was about five degrees, and no one seems to argue *823 about that. The collision between the Yellow Freight truck and the Matthias pickup truck occurred in the westbound lane. Right after this initial collision, the Matthiasor the McMillan Ford Escort, I believe it was, collided into thehit the rear of the Matthias pickup, and the Matthias pickup ended up north of the roadway in a ditch, and Mrs. Matthias was killed. We've heard from Mr. Evans, who is a reconstruction expert, and according to his version of the accident, and I'm not going to review what each witness is saying, but his version was that Mr. Brown noticed that Mr. Spell was having some sort of car trouble, and applied his brakes and veered to the left, apparently, to pass the Spell vehicle, and collided with Mrs. Matthias. We've heard from Mr. Andre, who is also a reconstruction expert [defendants'], and the two are using a little bit different facts. According to Brown, the driver of the Yellow van, Mrs. Matthias was entirely in his lane at one point in time, and that Brown veered to the left to avoid a collision, and Mrs. Matthias obviously got back into her lane, and the collision occurred in the westbound lane where it did. In listening to all of the witnesses and weighing the credibility of Mr. Brown, the Court feels that the most appropriate explanation is the explanation put out by Mr. Evans, and we believe that Mr. Brown was at fault in causing this accident. We do not see that Mr. Spell was the cause of the accident. We think that Mr. Brown was probably inattentive and got short, as Mr. Broussard suggests, and, for whatever reason, veered into the left lane.
We have reviewed the record in its entirety, and the testimony offers two permissible views of what happened. One view is that supported by the physical evidence and the eyewitness testimony of Mrs. Smith, that Delinda Matthias never left her lane of travel and the 10-wheeler came over into her lane and the accident took place altogether in the westbound lane of travel. The other view is supported by the testimony of Brown, the driver of the 10-wheeler, who testified that before the accident happened, Mrs. Matthias drove her truck over entirely into his lane of travel, and that the accident happened in the westbound lane because he, meeting the emergency as best he could, moved into the opposite lane only to collide with Mrs. Matthias as she simultaneously returned to her proper lane.
In his oral reasons for judgment the trial judge tells us that he based his finding on the credibility of the witnesses. There is no basis in this record for us to find that his determination of the cause of the accident was manifestly erroneous or clearly wrong. Rosell v. Esco, 549 So.2d 840 (La. 1989).

QUANTUM
The trial judge awarded Patrick Matthias $328,913.42 for the wrongful death of his wife, Delinda. Both sides assign as error the trial court's award. Plaintiff urges the insufficiency of the award and argues that the trial judge should have accepted the uncontradicted testimony of his economic expert. Defendants maintain that the award was excessive.
It is well settled that we may not disturb an award made by a trial court absent an abuse of discretion by the trier of fact. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976); Reck v. Stevens, 373 So.2d 498 (La.1979). We find sufficient basis for the award, therefore, we affirm it.
Plaintiff argues that it was error for the trial court not to accept the testimony of his expert's testimony, because that was the only expert testimony on the subject of economic loss. Delinda was 20 years old at the time of her death. She and Patrick had been married for less than three years. There were no children. Her contribution to the family income during that entire time was only about $900. Plaintiff's economist testified that, based on U.S. Bureau of Census tables of expected lifetime earnings of women, and calculated on the basis of a minimum wage for 41 years of work-life expectancy, lost earnings attributable to Delinda would be $738,459.08. *824 Subtracting from this figure $221,537.72 representing 30% for her own expenses, and adding back $210,984.87 as the value of the loss of her household services, the total economic loss was $727,906.23. There was testimony at the trial that Delinda was planning to seek full-time employment. There was other testimony that she was planning to stay home and raise a family.
Uncontradicted expert testimony regarding the underlying facts is not binding on the court, but may not be lightly disregarded by the judge. Morvant v. Smith, 463 So.2d 75 (La.App. 3d Cir.1985).
The trial court awarded Patrick Matthias a total of $328,913.42. The award was not itemized. However, special damages that were proved came to exactly $3,913.42, and therefore it can be assumed that the remaining award of damages was for loss of financial support and loss of love, affection, society, and consortium. These were the items prayed for in plaintiff's petition. A lump sum judgment of damages is presumed to award all items of damages claimed, and the appellant's burden of proving the fact finder clearly abused its great discretion is more difficult than usual because the intention to award a specific amount for any particular item is not readily ascertainable. Taylor v. Dupree, 484 So.2d 986 (La.App. 3d Cir.1986), writ denied, 488 So.2d 201 (La.1986). If the judge had in mind that most of the award was for the economic loss, we would be unable to articulate a basis for finding that such a determination was an abuse of discretion, as being either too much or too little. While the economic expert's views might be theoretically possible, the underlying facts of plaintiff's age, the youth of the deceased and the absence of a work history, and other factors peculiar to this case certainly did not require the trial court to accept without question the calculations of the economic expert. If the award is viewed as mostly for loss of love, affection, society and consortium, we might be inclined to say that it was excessive. However, as stated above, the presumption is that the award included all items claimed.
As such, we cannot say that the trial court abused it's discretion.
The judgment is affirmed. Costs of this appeal will be divided equally between the parties.
AFFIRMED.