LABORDE, Judge.
Plaintiff-appellant, Jacqueline Davis, appeals a trial court decision awarding her $3,275.00 for injuries she sustained as a result of an automobile accident caused by defendant-appellee, William T. Murrell. Mr. Murrell is insured by State Farm who was joined as a defendant in this suit. The jury found defendant to be 75% at fault and plaintiff to be 25% at fault. Plaintiff-appellant moved for additur and alternatively for a new trial following the jury verdict which the trial court denied. Plaintiff now seeks a reversal of the trial court’s ruling denying additur or a new trial as well as an increase in the jury award. Defendants-appellees answered the appeal seeking a reversal of the jury verdict as to liability. Defendants-appellees also contend that if the jury verdict should be affirmed they are entitled to a credit for amounts previously paid to plaintiff-appellant for her medical expenses and property damage. We hold that the trial court’s decision should be affirmed because addi-tur is not appropriate to increase a lump sum jury award. Furthermore, there was no abuse of discretion by the trial court in denying a new trial or by the jury in assessing the award. Also, State Farm is not entitled to a credit for amounts previously paid because the record is sufficient to support a finding that the jury intended the award as a supplement to these amounts,
FACTS
Plaintiff-appellant, Jacqueline Davis, (Davis) was involved in an automobile accident at the intersection of Pine Street and Ryan in Lake Charles on October 27, 1987. Davis was proceeding southbound on Ryan Street while defendant-appellant, William T. Murrell, (Murrell) was traveling east on Pine Street. The collision occurred when Murrell failed to stop at the stop sign located on Pine Street near the intersection. Davis was taken by ambulance to Lake Charles Memorial Hospital where she was examined. The next day she saw her family doctor, Dr. Richard Clements, complaining of pain and stiffness in her neck and back. Dr. Clements performed several tests, took x-rays, and prescribed rest and medication until Monday, November 2, 1987 at which time Davis was discharged to return to work.
The same day of her discharge, Davis was involved in a second automobile accident causing injuries to her entire left side. Davis argues that her injuries were caused by the acts of defendant, Murrell, while defendant and his insurer, State Farm contend that the second accident is the cause of any permanent injuries Davis suffered because she was released to return to work following the first accident and diagnosed as suffering only minor injuries. The matter was heard before a jury which rendered a lump sum award of $3,275.00. The jury assessed 75% fault to defendants and 25% to Davis. Davis moved for additur or alternatively for a new trial following the verdict which the trial court denied.
ISSUES ON APPEAL
Davis contends that the trial court erred in denying the motion for additur or new trial and that the jury’s award of $3,275.00 is an abuse of discretion. Defendants answered the appeal asking for a reversal of the jury determination that Murrell was liable to plaintiff. Defendants also contend *716 that if the jury award is affirmed, State Farm only owes a remainder of $267.38 to Davis because State Farm has already paid Davis property and medical expenses totaling $2,561.87. Defendants allege that this $267.38 represents the difference between what Davis has already received and what she is owed from the jury verdict plus judicial interest.
LIABILITY
We first address the defendants argument that the jury’s finding of liability on the part of Murrell should be reversed. The evidence presented to the jury included the testimony of all related parties as well as Mr. Joseph Lloyd, an independent witness who saw the accident and who testified that Murrell failed to stop at the stop sign located at the intersection of Pine and Ryan Street. After hearing this testimony, the jury made its own evaluation based on this evidence. We will not disturb a jury’s determination when its findings are supported by the record. Richoux v. Hebert, 449 So.2d 491 (La.App. 3d Cir.1983), writ denied 450 So.2d 368 (La.1984).
QUANTUM
Also presented on appeal is Davis’ argument that the trial court erred in denying her motion for additur and alternatively for a new trial. Under Louisiana law, addi-tur is not appropriate where a jury renders a lump sum award because it is impossible to discern what amounts the jury believed were appropriate for various items of damage. Ellis v. Allstate Insurance Co., 453 So.2d 1209 (La.App. 5th Cir.1984). Therefore, Davis’ argument that the trial court comniitted error in denying her motion for additur lacks merit.
Davis’ argument that the trial court committed error in denying her motion for a new trial also lacks merit. La.C.C.P. art. 1973 provides that the trial court may grant a new trial in any case if there are good grounds therefor. This article gives a trial court wide discretion in allowing or denying the motion. Conner v. Florida Farm Bureau Casualty Insurance Co., 446 So.2d 383 (La.App. 3d Cir.1984). Denial of a new trial on discretionary grounds should be reversed only when the appellate court finds an abuse of discretion. Strange v. Imperial Pools, Inc., 520 So.2d 1039 (La.App. 3d Cir.1987), writ denied 522 So.2d 565 (La.1988). Nothing in the record indicates the trial court abused its discretion.
Davis further contends that the jury verdict should be increased as it is an abuse of discretion. It is well established that before a reviewing court can disturb an award made by a trial court, the record must clearly show that the trier of fact abused its discretion in making its award. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976); Reck v. Stevens, 373 So.2d 498 (La.1979). In Coco, supra, the Supreme Court stated:

“Only after making the finding that the lower court abused its much discretion can the appellate court disturb the award, and then only to the extent of lowering it (or raising it) to the highest (or lowest) point which is reasonably within the discretion afforded the court. It is never appropriate for a Court of Appeal, having found that the trial court abused its discretion, simply to decide what it considers an appropriate award on the basis of the evidence”.

Since the jury does have great discretion in setting damages, the proper test for whether a quantum award can be upheld revolves around a determination of whether the facts and circumstances peculiar to this case and this individual, interpreted in a light most favorable to the plaintiff, reasonably support the jury’s decision. Schexnayder v. Carpenter, 346 So.2d 196 (La.1977), Reck, supra.
In this case, the trial court did not utilize a special verdict form itemizing the elements of damage. A lump sum judgment of damages is presumed to award all items of damage claimed, and the appellant’s burden of proving the fact finder clearly abused its great discretion is more difficult than usual because the intention to award a specific amount for any particular *717 item is not readily ascertainable. Taylor v. Dupree, 484 So.2d 986 (La.App. 3d Cir.1986), writ denied 488 So.2d 201 (La.1986); Matthias v. Brown, 551 So.2d 821 (La.App. 3d Cir.1989), writ denied 556 So.2d 1263 (La.1990).
The facts and circumstances of this case indicate that Davis incurred only $1,362.97 in special damages ($583.97 for car rental and $779.00 for car repairs not paid by State Farm) as a result of the first accident. Davis would have this court believe that she incurred $6,187.68 in special damages, however, this figure includes amounts for expenses incurred after Davis was released from the first accident to return to work. Those expenses attributable to Davis condition following the second accident are not compensable as expenses of the accident at issue in this case.
Davis recovered a total of $2,456.25 from the jury verdict after the $3,275.00 award was reduced by her percentage of fault. After deducting special damages, Davis is left with a recovery of $1,093.28 in general damages. Also, Davis did not suffer any lost wages. The record is clear that Davis used compensable sick leave when she missed work as a result of the first accident. Furthermore, Davis has received a merit increase in her wages since her involvement in this accident, and she is now employed at a higher rate of salary than before the accident. Next, we must consider whether this amount is sufficient to compensate Davis for any injuries she received in the first accident.
Louisiana jurisprudence has established that the plaintiff must prove the damages in a tort case by a preponderance of the evidence. Green v. Superior Oil Co., 441 So.2d 54 (La.App. 3d Cir.1983); Taylor, supra. Proof sufficient enough to constitute a preponderance must establish that the fact sought to be proved is more probable than not. Jordan v. Travelers Insurance Co., 257 La. 995, 245 So.2d 151 (1971). While Davis argues that the award is too low, defendants allege that the jury award of $3,275.00 to Davis should be affirmed because she did not prove by a preponderance that she suffered serious or permanent damage from the first accident. We agree.
Davis has failed to prove by a preponderance of the evidence that any permanent injuries she experienced resulted from the first accident. Sufficient evidence exists in the record for the jury to determine that Davis only suffered minor injuries as a result of this collision including her own testimony that the second accident made her neck worse. The jury obviously made a factual determination that Davis suffered only minor injuries from the first accident and compensated her accordingly. Given the evidence, we cannot say that the jury determination that Davis suffered only minor injuries from the first accident is manifestly erroneous.
A review of the jurisprudence containing cases with similar injuries indicates that the $1,093.28 Davis received as general damages is within the discretionary range. See Charles v. Arceneaux Ford, Inc., 542 So.2d 846 (La.App. 3d Cir.1989) and Beard v. Republic-Vanguard Insurance, 509 So.2d 561 (La.App. 3d Cir.1987). We therefore, cannot say that the jury abused its discretion in assessing the award. Coco, supra and Reck, supra.
CREDIT FOR INSURANCE PAYMENTS
Defendants also contend that they are entitled to a credit for the medical expenses and property damage they paid on behalf of Davis. Davis argues that the jury verdict is supplemental to that which State Farm has already paid for these expenses. As noted in Matthias and Taylor, supra, normally a lump sum jury verdict is presumed to award all items of damage claimed. However, each case must be determined on its own facts and circumstances. Dunaway v. Rester Refrigeration Service, Inc., 428 So.2d 1064 (La.App. 1st Cir.1983), writ denied, 433 So.2d 1056, 1057 (La.1983). There are clear indications in this case that the jury did not consider the medical expenses and property damages which they attributed to the first accident in assessing the award. A review of the trial record indicates Davis’ husband testified that they had already been com *718 pensated for these amounts. Also, the parties stipulated in the trial record that State Farm had already paid $621.38 in medical expenses and $1,940.49 in property damages on behalf of Davis as a result of this accident. Given this evidence, it is apparent that the jury knew that Davis had already been compensated for the medical expenses and property damage attributable to the first accident and could have reasonably excluded these amounts in assessing the award. Therefore, State Farm is not entitled to a credit for these amounts.
DECREE
The trial court decision is affirmed at appellant’s cost.
AFFIRMED.