664 So.2d 600 (1995)
Stafford MORMON, Plaintiff-Appellee
v.
STINE, INC. and Alexis Risk Management Services, Defendants-Appellants.
No. 95-615.
Court of Appeal of Louisiana, Third Circuit.
November 2, 1995.
*601 Terrell DeWight Fowler, Lake Charles, for Stafford Mormon.
Skipper Maurice Drost, Sulphur, for Stine, Inc. and Alexis Risk Management Services.
Before YELVERTON, DECUIR and PETERS, Judges.
DECUIR, Judge.
Defendant, Stine, Inc., appeals a judgment awarding Stafford Mormon damages for injuries sustained when Stine's employee backed a forklift into Mormon's truck. We affirm in part and reverse in part.

FACTS
On August 21, 1993, Mormon drove his 1989 Mitsubishi truck into Stine's lumber yard to pick up materials for a job on which he was the contractor. While there, Tim Miller, the yard manager for Stine, backed into Mormon's truck causing damage to the truck and personal injury to Mormon. Stine's employees photographed the damage to the truck and assured Mormon that they would cover the damages.
That afternoon, Mormon's back began to feel "kind of funny" and he awoke in pain the following morning. On August 26, 1993, Mormon went to see his family physician, Dr. *602 Paul E. Comeaux. Dr. Comeaux diagnosed a dorsal and lumbar sacral strain and prescribed anti-inflammatory and pain medications. Mormon consulted with Dr. Comeaux two more times and then went to Dr. John Masse, a chiropractor, on October 14, 1993. Dr. Masse treated Mormon until November 22, 1993, finding no medical evidence of a problem other than Mormon's continued complaints of pain. Mormon testified that due to the pain, he was unable to work until February of 1994.
At the time of the accident, Mormon was a self-employed contractor engaging in remodeling and carpentry work. He testified that he was working three jobs at the time of the accident, but introduced no written proof of these jobs. Mormon testified that he had earned an average of $70,000.00 during the years 1991 and 1992, and that he was earning a net of $2,500.00 per month during 1993. He claimed $15,000.00 in lost profits from the contracts he was unable to complete due to the accident. Mormon produced no corroborating evidence for any of these figures and, in fact, admitted that he had not filed an income tax return since 1988 or 1989.
The trial court found that Mormon had failed to prove his claim for lost profits with the specificity required by law. However, relying solely on Mormon's testimony, the court found that he had proven he was a qualified and experienced carpenter. Mormon introduced no written proof or corroborating testimony to support his testimony regarding his or his employees' earnings despite admitting the availability of such documentation.
The trial court found that Mormon suffered a strain to his upper and lower back which disabled him from performing his work for a period of six months due to pain. Mormon was awarded $6,000.00 in general damages. On the strength of Mormon's testimony that he paid his carpenters $10.00 per hour, the court found that he could have earned that wage for at least three out of every four weeks in a month. Accordingly, the trial court awarded Mormon $1,300.00 per month for six months for a total of $7,800.00 in lost earnings.
Stine lodged this appeal contesting the amount of general damages and the award for loss of earning capacity.

GENERAL DAMAGES
Stine first alleges that the trial court's award of $6,000.00 in general damages is excessive. We disagree.
Before a quantum award for general damages can be disturbed on appeal, the appellate court must review the record and determine that the trial court abused its discretion. LeBlanc v. Wal-Mart Stores, Inc., 533 So.2d 1334 (La.App. 3 Cir.1988), writ denied, 537 So.2d 1161 (La.1989). This court has held that an appropriate procedure for testing whether the trier of fact has abused its discretion by making an excessive damage award is to determine whether the award can be supported under the interpretation of the evidence most favorable to the plaintiff which could reasonably be made by a fact finder. Foster v. Town of Mamou, 616 So.2d 837 (La.App. 3 Cir.), writ denied, 620 So.2d 842 (La.1993). The reviewing court must give wide discretion to the judge in the assessment of damages in cases, and a finding of abuse must be based on facts in the record. Lewis v. St. Frances Cabrini Hospital, 556 So.2d 970 (La.App. 3 Cir.1990).
We have reviewed the record in its entirety. The trial court's findings are clearly supported by the record. Accordingly, we find no abuse of discretion in the trial court's general damage award.

LOSS OF EARNING CAPACITY
By this assignment, Stine alleges that the trial court erred in awarding damages for loss of earning capacity where the plaintiff introduced no evidence other than his own self-serving testimony. We agree.
The plaintiff must prove by a preponderance of the evidence that he suffered a loss of earning capacity. Harig v. State of Louisiana, Bd. of Elem. & Sec. Education, 25,702 (La.App. 2 Cir. 3/30/94); 635 So.2d 485. An award for past lost earnings which is susceptible of mathematical calculation from documentary proof is not subject to the much discretion rule. Ammons v. St. Paul *603 Fire & Marine Ins. Co., 525 So.2d 60 (La. App. 3 Cir.); writ denied 525 So.2d 1045 (La.1988). In order to support an award for loss of earning capacity, the plaintiff must present sufficient evidence to allow the court to calculate the amount of the award with some measure of reasonable certainty. Naman v. Schmidt, 541 So.2d 265 (La.App. 4 Cir.1989).
As a general rule, the plaintiff's detailed and uncorroborated testimony as to loss of earnings may, if reasonable and accepted, support an award for such damages. Craig v. Burch, 228 So.2d 723 (La.App. 1 Cir.1969), writ refused, 255 La. 475, 231 So.2d 393 (1970). However, the plaintiff's uncorroborated and self-serving testimony will not be sufficient to support an award if it is shown that there was corroborative evidence which was available and was not produced. Id.; See also Miller v. Mahfouz, 563 So.2d 1223 (La.App. 1 Cir.), writ denied, 569 So.2d 967 (La.1990).
In this case, the only evidence of loss of earning capacity was Mormon's self-serving testimony. Mormon testified that he was unable to produce income tax returns because he had not filed since 1988 or 1989. However, he testified several times that he had contracts and bank statements with which he could document his testimony regarding his earnings and the wages paid to his employees. Despite his self-serving statements, none of the alleged corroborative evidence was presented at the trial. Past work experience and earning history is of extreme importance when calculating the amount due for economic loss or loss of income. Morris v. Highlands Ins. Co., 525 So.2d 125 (La.App. 3 Cir.1988). In a similar case, Barfield v. Jacobs, 527 So.2d 555 (La. App. 3 Cir.1988), this court found that a jury was correct in not awarding damages for loss of earning capacity to a contract security system installer who failed to file tax returns and produced only his own testimony to prove his loss. Accordingly, we find that the trial court erred in awarding damages for loss of earning capacity in that Mormon failed to adequately prove that any such loss has occurred.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is reversed insofar as it awards damages for loss of earning capacity in the amount of $7,800.00. In all other respects the judgment is affirmed.
REVERSED IN PART AND AFFIRMED IN PART.