Ii-AMY, Judge,
concurring.
I concur with the result reached by the majority in this case, but I write separately to discuss the plaintiffs burden of proof for a claim of future earning capacity. Defendants argue that plaintiffs failure to offer tax records and other documentation to corroborate his testimony defeats his claim for future lost earning capacity. I agree with the majority that this is not automatically so. Additionally, in my opinion it was not clearly wrong under the facts of the present ease for the trial court to have concluded that the plaintiff proved entitlement to an award for lost earning capacity. However, in this case I note that there is other evidence in the record which corroborates plaintiffs testimony and supports the trial court’s award.
The majority finds the case of Jordan v. Travelers Insurance Co., 245 So.2d 151 (La.1971) controlling in the present case. I agree. This case, like Jordan, involves a situation where evidence to support a claim for loss of earnings is in theJ¿form of plaintiffs own testimony, as corroborated by his employer and/or co-workers. Jordan provides that corroborating testimony, although preferable, is not always necessary. In Jordan, the Louisiana Supreme Court did not remove the requirement that testimony provide a degree of detail or specificity as to the value of the lost earnings. On the contrary, our highest court in Jordan reviewed the factual evidence presented to conclude that the plaintiff had, by a preponderance of the evidence, proved a claim for loss of pre-trial and future earnings.
However, the majority opinion then notes several appellate court cases where the language “reasonable certainty” was used in discussing the burden of proving future lost wages. The majority states that this “higher burden” of proof has never been applied by the Louisiana Supreme Court for such claims. But, in my view, the terminology “reasonable certainty” is not a higher burden of proof that has been imposed by the appellate courts; it is a descriptive phrase used by the courts in the general discussion of what constitutes proving a fact by a preponderance of the evidence in a claim for future lost wages.
In discussing the plaintiffs burden of proof, the supreme court explained:
In describing this burden of proof, the courts sometimes speak of proof to a “reasonable certainty” or to a “legal certainty”; or of proof by evidence which is of “greater weight” or “more convincing” than that offered to the contrary; or (in the case of circumstantial evidence) of proof which excludes other reasonable hypotheses than the defendant’s tort with “a fair amount of certainty”. Whatever the descriptive term used, however, proof by direct or circumstantial evidence is sufficient to constitute a preponderance, when, taking the evidence as a whole, such proof shows that the fact or causation sought to be proved is more probable than not.
Jordan, 245 So.2d at 155 (La.1971). (Emphasis added)
It is well settled that a plaintiff must prove by a preponderance of the evidence any element of damage in a tort case. Davis v. State Farm Mutual Automobile Insurance Company, 590 So.2d 714 (La.App. 3 Cir.1991); Hopkins v. Travasos, 569 So.2d 1056 (La.App. 3 Cir.1990). Proof is by preponder- *1103 anee of the evidence when it shows that a fact sought to be proved is more probable than not. Veazey v. State Farm Mutual Auto Ins., 587 So.2d 5 (La.App. 3 Cir.1991). A plaintiffs detailed and uncorroborated testimony as to loss of earnings may, if reasonable and accepted by the trier of fact, support an award for such damages. Mormon v. Stine, Inc., 95-615 (La.App. 3 Cir. 11/2/95); 664 So.2d 600. But, while the absence of independent corroborating evidence may not be fatal to plaintiffs burden of proving damages, lack of even a minimal degree of detail or specificity as to the extent of loss precludes an award of damages. Gulf American Industries v. Airco Industrial Gases, 573 So.2d 481 (La.App. 5 Cir.1990); Coco v. Richland General Contractors, Inc., 411 So.2d 1260 (La.App. 3 Cir.), writ denied, 413 So.2d 909 (La.1982). To recover, a plaintiff must show proof to reasonably establish his claim. Weber v. Brignac, 568 So.2d 1129 (La.App. 5 Cir.1990). Accordingly, damages based on mere speculation and conjecture are not allowed. Smith v. Louisiana Farm Bureau Casualty Insurance Company, 603 So.2d 199 (La.App. 3 Cir.), writ denied, 605 So.2d 1115 (La.1992); Coon v. Placid Oil Co., 493 So.2d 1236 (La.App. 3 Cir.), writ denied, 497 So.2d 1002 (La.1986).
Therefore, in my view, the language “reasonable certainty” in the context of proving lost wages, does not mandate a new, higher, artificial burden of proof. Instead, in my opinion, “reasonable certainty” simply and appropriately illustrates that a plaintiff must prove future lost wages by a preponderance of the evidence. While a plaintiffs own testimony may be enough to sustain this burden, the plaintiff must give details and specifics as to his claim, so that, taken as a whole, the claim is proved to be more probable than not. If the plaintiff fails, his claim for damages will |4be speculative, not “reasonably certain” and, therefore, not proven by a preponderance of the evidence.